STATE OF NORTH CAROLINA v. WILLIAM MICHAEL ORR

No. 7526SC649

(Filed 7 January 1976)

Constitutional Law § 31— informant who participated in crimes — disclosure of identity

> In a prosecution for distribution and possession of heroin, the trial court erred in failing to require disclosure of the identity of an informant where the evidence tended to show that the informant was a participant and helped to set up the commission of the crime.

APPEAL by defendant from *Falls, Judge.* Judgment entered 1 May 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 November 1975.

Defendant was tried on bills of indictment charging him with the felonies of (1) distribution and (2) possession of heroin.

The State offered evidence which tended to show that on or about 8 August 1974, W. E. Tadlock, a Mecklenburg County police officer doing undercover drug investigation, went to the home of defendant accompanied by an informant. Upon his arrival, the officer either "blowed the horn for him to come outside or the informant went to the door and got him," Tadlock could not remember which. In any event, the defendant came outside and got in the back seat of the "undercover car." The defendant asked Tadlock if he was the one who wanted the drugs or something to that effect. When Tadlock responded in the affirmative, defendant told him that he did not have any drugs on him, that Tadlock would have to take him somewhere to get them.

The trio went to a house, known by the officer to be the residence of a "heroin dealer." Tadlock gave defendant $24.00 for two bags of heroin and when defendant returned from the house, he gave the officer two "foil bags" and put approximately four others in his pocket.

The contents of the foil bags given to Tadlock were examined by a chemist and found to be heroin.

The defendant's evidence tends to show the following:

On the date in question, he was in bed at his parents' house when the informant came into the bedroom and told him that he

was sick and needed some drugs. Defendant had seen the informant before, knew that he was a user of drugs, was aware that the informant knew of defendant's participation in a Methodone Maintenance program but defendant did not know the informant's real name. The informant said that he had been trying to buy drugs all day, unsuccessfully, and wanted defendant to make a purchase for him. Defendant was first introduced to Tadlock when he and the informant left the house and went out to Tadlock's automobile, which was parked in the driveway. Defendant directed the officer to a house where he thought he might be able to make a drug purchase. Tadlock wanted 2 bags and the informant wanted 2 bags. They gave him the money to make the purchase. Defendant paid $48.00 for the four bags of heroin, returned to the automobile and gave Tadlock two bags and the informer two bags. Defendant made no profit from the exchange. Tadlock thereafter returned the defendant to his home.

At the time these events took place, defendant was participating in a Methodone Maintenance program attempting to overcome his former addiction to heroin.

Defendant's aunt was in the Orr family home that night and answered the door when the informant asked to speak to defendant. She also observed another individual waiting in an automobile in the driveway.

Defendant's mother testified that she was at home, and her sister was visiting on the night of 8 August 1974. She heard the doorbell ring but didn't see anyone. Mrs. Orr further testified that she was familiar with her son's drug problem and that he had made some effort to overcome that problem and that he no longer uses drugs.

From a verdict of guilty as charged in each bill of indictment and the imposition of an active sentence, defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Chambers, Stein, Ferguson & Becton, by James E. Ferguson II, for defendant appellant.*

VAUGHN, Judge.

The defendant's first assignment of error relates to the trial court's refusal to require the State to identify the informant and issues that surround that refusal.

From the early stages of the trial, defendant attempted to secure disclosure of the informant's identity. The trial court refused to require the State to reveal the informant's name or address and would not allow questions seeking information as to his background or motivation for participation in the scheme.

The defendant persuasively argues that the informant in this case was not a mere tipster, but instead, was a material witness and a major participant. Additionally, he points out that the informer was the only one who might resolve conflicts between defendant's testimony and that of the officer. Defendant contends that in this case, disclosure is necessary to his defense of entrapment, and is required by authority of *Roviaro v. U.S.*, 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623, and *McLawhorn v. North Carolina*, 484 F. 2d 1. We agree.

The government's privilege to withhold disclosure of an informer's identity must give way, where the disclosure of his identity, or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. *Roviaro, supra.*

The courts have placed great emphasis on determining whether an informant may be classified as a "tipster" or a "participant." These classifications seem to be based on the nature of the informers' activities. The "tipster" is one who supplies law enforcement officers with leads and information while the "participant" is one who takes some active part in the commission of the offense.

As stated in *McLawhorn*, ". . . [t]he privilege of nondisclosure ordinarily applies where the informant is neither a participant in the offense, nor helps set up its commission, but is a mere tipster who only supplies a lead to law investigating and enforcement officers. (Citing cases.)"

In the instant case, the evidence tends to show that the informant was a participant and helped to set up the commission of the offense.

The defendant's evidence, when taken as true, would tend to show that it was at the informant's urging that defendant

had any contact with these drugs at all, that he made the initial face to face contact with defendant, that the informant arranged the sale, purchased some of the drugs with his own funds and in general, helped engineer the events leading up to the crime.

By virtue of his participation, the informer is ". . . a witness to material and relevant events." ". . . [o]ne of the factors tending to show that the prosecution is not entitled to withhold from the accused information as to the identity of an informant is the qualification of the informant to testify directly concerning the very transaction constituting the crime." *McLawhorn, supra.* Defendant was entitled to have access to the informer as a potential witness. The court's failure to require that the identity of the informer be disclosed requires a new trial.

Defendant has brought forward other assignments of error, some of which appear to have merit. We need not discuss them here, however, because they may not recur at the next trial.

New trial.

Judges BRITT and ARNOLD concur.