STATE OF NORTH CAROLINA v. ABRAHAM BROCKENBOROUGH

No. 7912SC774

(Filed 5 February 1980)

**1. Criminal Law §§ 7, 73.2— entrapment—evidence of statements by informant not hearsay**

Since statements by a paid informant were not offered to prove the truth of the matters asserted (*i.e.*, that the informant was addicted to heroin and that she was sick) but instead were offered to show that the statements were made, and that through them defendant was induced to commit an offense he would not otherwise have committed, the statements were not hearsay and the trial court erred in excluding them in a prosecution for possession with intent to sell and sale of heroin.

**2. Constitutional Law § 65— State required to attempt to locate paid informant**

There was no merit to defendant's contention that the trial court erred in failing to require the State to make an affirmative effort to locate a paid informant, since, prior to arraignment and trial, the court declared the informant a material witness and ordered the State to furnish defendant with the best information available to the district attorney and local law enforcement officers as to the informant's whereabouts and it was further ordered that if an address for the informant was found, the State was to inform the court and defendant.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 27 April 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 January 1980.

Defendant was charged with possession with intent to sell and sale of the drug heroin. Sufficient evidence was presented by the State to convict defendant of both charges. Defendant relied on the defense of entrapment and contended that he had met the State's witness, undercover agent Green, through Vicki McArthur, a longtime personal friend; that Vicki McArthur was a paid informant of the State; and that he was encouraged by Green to find heroin for Vicki McArthur. Defendant offered testimony as to conversations he had with McArthur. The trial court excluded this testimony on the ground it was hearsay.

From a guilty verdict and sentence imposed thereon, defendant has appealed.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Barrington, Jones, Witcover, Carter and Armstrong, by C. Bruce Armstrong, for defendant appellant.*

WEBB, Judge.

[1] We hold the trial court committed prejudicial error in refusing to allow the defendant to testify as to the conversations with the paid informant McArthur. If allowed, he would have testified that McArthur made numerous personal and telephone contacts with him over a four-day period in September 1978; that she asked him to find her some heroin, that he refused and tried to talk her out of using it; and that she repeatedly told him she needed it and that "she was sick." This was evidence from which the jury could have concluded the defendant was entrapped by the State. *See State v. Stanley*, 288 N.C. 19, 215 S.E. 2d 589 (1975). As these statements were not offered to prove the truth of the matters asserted (i.e., that McArthur was addicted to heroin and that "she was sick") but instead were offered to show that the statements were made, and that through them, defendant was induced to commit an offense he would not otherwise have committed, these statements were not hearsay. *See* 1 Stansbury's N.C. Evidence, § 141 (Brandis rev. 1973) and the cases cited therein for situations where declarations may be admitted for non-hearsay purposes.

[2] Defendant also assigns as error the trial court's failure to require the State to make an affirmative effort to locate Vicki McArthur. We find this contention is without merit. Prior to arraignment and trial, the court declared McArthur a material witness and ordered the State to furnish defendant with the best information available to the district attorney and local law enforcement officers as to McArthur's whereabouts. It was further ordered that if an address for McArthur was found, the State was to inform the court and defendant. We hold this was all the State was required to do.

New trial.

Judges PARKER and ARNOLD concur.