STATE OF NORTH CAROLINA v. DOROTHY GRIER

No. 8019SC767

(Filed 17 March 1981)

1. Criminal Law § 7.1– entrapment – question for jury

The evidence in a prosecution for possession and sale of cocaine did not show entrapment as a matter of law but presented a question of entrapment for the jury where the State's evidence tended to show that defendant produced quantities of cocaine for an undercover agent to purchase, defendant was actually the first one to raise the issue of a drug purchase, defendant knew exactly where to go and whom to see in order to make a drug purchase, and other people who frequented defendant's home looked upon her as one familiar with drug trafficking in the area, and where defendant's evidence tended to show that the undercover agent knew defendant was unemployed and in need of money, he offered financial assistance to fix her car and leaky basement, he often brought beer, food, and cigarettes for her as gifts, the undercover agent was the first one to raise the subject of a drug transaction, the undercover agent provided defendant with all the money for the drugs purchased and drove her on each of the three occasions in question to buy the drugs, and defendant did not profit on any of the three purchases.

State v. Grier

**2. Criminal Law § 73.2– question by third person to defendant not hearsay**

In a prosecution for possession and sale of cocaine, testimony by an undercover agent that a third person asked defendant if she knew where he could get "some coke" was not hearsay and was properly admitted since it was not offered to prove the truth of the matter asserted but was offered merely to show that the statement was made by the third person and that the undercover agent was not the first to raise the subject of a drug transaction with defendant.

**3. Criminal Law § 101– failure to instruct jury before recess – absence of prejudice**

The trial court properly denied defendant's motion for a mistrial because of the court's failure to instruct the jury prior to a lunch recess not to discuss the case where no evidence of juror misconduct appears in the record, and where defendant made no objection to the court's failure to instruct at the time of recess and made no request that the court conduct an examination of the jurors concerning their activities during the recess.

**4. Criminal Law § 88– refusal to permit defendant to explain answer on cross-examination**

In a prosecution for possession and sale of cocaine, the trial court did not abuse its discretion in refusing to permit defendant to explain one of her answers on cross-examination concerning the presence of a reputed cocaine dealer in the courtroom where defendant had every opportunity on redirect examination to explain the presence of such a person in the courtroom and her relationship, if any, with him.

APPEAL by defendant from *Albright, Judge.* Judgment entered 10 April 1980 in Superior Court, CABARRUS County. Heard in the Court of Appeals 23 January 1981.

Defendant was indicted and convicted on three counts of possession of cocaine with intent to sell and deliver and three counts of sale of cocaine.

The State presented sufficient evidence to support each of the charges against the defendant. While not denying the possession and sale of cocaine, defendant Grier argues that the actions of the State's undercover agent, George T. Arnold, III, constituted entrapment. The only witnesses in the trial were the undercover agent for the State and the defendant, Dorothy Grier, in her own defense.

For the State, agent Arnold testified that he met Ms. Grier in the course of an undercover investigation through the son of Ms. Grier's former boyfriend. From mid-December 1979 through January 1980, Arnold visited Ms. Grier's home on

numerous occasions. On several of these visits, Arnold ate meals with Ms. Grier and played cards with her and her friends. Beginning in mid-January, Arnold and Ms. Grier discussed the availability of various illegal drugs in the Kannapolis area. Arnold testified that Ms. Grier approached him at her home about the 16th of January and asked if he was looking for drugs. They had never before discussed the possibility of a drug transaction. On 24 January 1980 and on 25 January 1980, Ms. Grier produced varying quantities of cocaine for Arnold to purchase.

In defense, Ms. Grier testified that Arnold would frequently bring beer and food to the house for her, her friends, and her grandson. She said that Arnold was aware of some financial troubles that she was experiencing and offered to help her fix her broken-down car and leaky basement. Ms. Grier contended that it was Arnold who first brought up the subject of a drug transaction; that Arnold supplied her with the money to purchase the drugs; and that Arnold drove her in his car each time to pick up the drugs. Additionally, Ms. Grier testified that she made no profit from any of the three sales. Evidence was also elicited on cross examination of Arnold that he never saw any illegal drugs at Ms. Grier's home except on the three occasions that are the subject of this appeal.

The defendant argues that these efforts by agent Arnold to ingratiate himself with her and to induce her to commit these crimes constitute entrapment and bar any conviction for the crimes committed.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*Cecil R. Jenkins, Jr. for the defendant appellant.*

BECTON, Judge.

[1] Defendant's fourth assignment of error, and the main focus of her appeal, is that the trial judge committed reversible error by not directing a verdict for defendant at the close of the evidence. The defendant argues that the evidence presented shows that agent Arnold's activities constituted entrapment as a matter of law and that Arnold induced her into criminal action at a time when she was in no way predisposed to criminality.

The defense of entrapment requires proof of two essential elements:

(1) acts of persuasion, trickery or fraud carried out by law enforcement officers or their agents to induce a defendant to commit a crime, [and]

(2) . . . the criminal design originated in the minds of the government officials, rather than the innocent defendant, such that the crime is the product of the creative activity of the law enforcement authorities.

*State v. Walker,* 295 N.C. 510, 513, 246 S.E. 2d 748, 750 (1978); *see also Sherman v. United States,* 356 U.S. 369 (1958). Like other defenses, entrapment is generally an issue for the jury to decide unless the court finds from the evidence presented that the police entrapped the defendant as a matter of law.

The leading North Carolina case on the subject of entrapment is *State v. Stanley,* 288 N.C. 19, 215 S.E. 2d 589 (1975) in which the Supreme Court adopted the following standard:

The court can find entrapment as a matter of law *only where the undisputed testimony and required inferences compel a finding* that the defendant was lured by the officers into an action he was not predisposed to take. (Emphasis added.)

*Id.* at 32, 215 S.E. 2d at 597, *quoting State v. Campbell,* 110 N.H. 238, 265 A2d 11 (1970); *see also Sorrells v. United States,* 287 U.S. 435 (1932). It is clear from the record that the evidence presented concerning entrapment and the defendant's predisposition to criminal activity was in conflict.

The State's evidence tended to show that the defendant was actually the first one to raise the issue of a drug purchase; that she knew exactly where to go and who to see in order to make a drug purchase; and that other people who frequented her home looked upon Ms. Grier as one familiar with drug trafficking in Kannapolis.

Defendant's evidence tended to show that Arnold knew Ms. Grier was unemployed and in need of money; that he offered financial assistance to fix her car and leaky basement; and that he often brought beer, food and cigarettes for her as gifts.

Moreover, she testified that Arnold was the first one to raise the subject of a drug transaction; that he provided her with all the money for the drugs purchased; that he drove her on each of the three occasions in question to buy the drugs; and that she did not profit on any of the three purchases.

The evidence presented raises a classic conflict and illustrates that the defense of entrapment was very much in dispute. Since evidence of entrapment must be uncontradicted in order for the judge to take the issue from the jury, the trial judge acted properly in charging the jury on the defense and leaving it to their determination as an issue of fact.

[2] Defendant also assigns as error the admission into evidence of a statement allegedly made by Leonard Parks which was testified to by agent Arnold. The record reveals the following from the examination of Arnold by the State:

Q. Now, going back to the conversation you had with Ms. Grier and Leonard Parks (or Leonard Durrand), before you went over to Yale and Princeton Street, what did Leonard Parks, (Leonard Durrand), say? What occurred in that conversation?

MR. JENKINS: Object.

THE COURT: OVERRULED.

A. Mr. Parks said, "Dot, do you know where I can get some coke?"

MR. JENKINS: OBJECTION and MOVE TO STRIKE.

THE COURT: DENIED.

Defendant argues that the answer is excludable hearsay, and its admission violated her right to confrontation and cross examination. The statement reflected directly on the defendant's predisposition to sell cocaine, defendant contends, and its admission seriously undermined her defense of entrapment and constituted prejudicial error entitling her to a new trial. We disagree.

It is universally accepted that the testimony by a witness of what another person said is inadmissible hearsay if it is offered into evidence to prove the truth of the matter being asserted.

*State v. Griffis,* 25 N.C. 504 (1843); 1 Stansbury, N.C. Evidence § 138 (2d ed. Brandis Revision 1973); Powers, *The North Carolina Hearsay Rule and the Uniform Rules of Evidence,* 34 N.C.L. Rev. 171, 178-80 (1956). A statement is not hearsay, however, if it is offered into evidence for some purpose other than to establish the truth of the statement itself. 1 Stansbury, *supra,* at §§ 138 & 141. Notable examples of admissible non-hearsay include statements which are offered to prove only that the statement was actually made, *Wilson v. Indemnity Corp.,* 272 N.C. 183, 158 S.E. 2d 1 (1967), *State v. Brockenborough,* 45 N.C. App. 121, 262 S.E. 2d 330 (1980); statements offered to establish the state of mind of another person hearing the statement, 1 Stansbury, *supra,* at § 141 n.35; and statements offered to show the presence or lack of an emotion which would naturally result from hearing the statement, 1 Stansbury, *supra,* at § 141 n.37.

The State argues that the testimony of agent Arnold was offered merely to show that the statement was made by Leonard Parks and to show that Arnold was not the first to raise the subject of a drug transaction. The State's arguments are consistent with the law in North Carolina, and as such, the statement made by Parks was not hearsay. The court ruled properly on the statement's admissibility.

[3] We turn now to defendant's next assignment of error that the "trial court erred in denying the defendant's motion for a mistrial for failure of the trial judge to give proper instructions to the jury before it dismissed for lunch."

While the North Carolina Supreme Court has held that it is the better practice to instruct the jury prior to each recess not to discuss the case, *State v. Frazier,* 280 N.C. 181, 196, 185 S.E. 2d 652 (1972), the defendant must present some evidence of juror misconduct before a mistrial may be declared. Defendant argues that a *"probability* of substantial prejudice to the defendant" arose from the court's failure to instruct. (Emphasis added.) The defendant offers no evidence, however, of any misconduct. Additionally, the defendant did not object to the judge's failure to instruct at the time of the recess nor did the defendant request that the judge conduct an examination of the jurors concerning their activities during the recess. Because no evidence of jury misconduct appears in the record, the

trial judge's failure to instruct the jury prior to the recess did not constitute an abuse of discretion warranting a mistrial.

[4]  Defendant's next assignment of error involves the refusal of the judge to let the defendant explain one of her answers on cross examination. The State questioned the defendant concerning the presence of a Mr. John Russell in the courtroom and his reasons for being present. Testimony from agent Arnold earlier in the trial had made reference to Russell as a cocaine dealer whom the defendant knew.

The scope of cross examination is to be determined in the sound discretion of the trial judge. *State v. Daye,* 281 N.C. 592, 189 S.E. 2d 481 (1972); *State v. Edwards,* 228 N.C. 153, 44 S.E. 2d 725 (1947). The defendant had every opportunity on redirect examination to explain John Russell's presence in the courtroom and her relationship, if any, with him. Therefore, the trial judge did not abuse his discretion in refusing to let her explain her answer on cross examination.

No error.

Chief Judge MORRIS and Judge VAUGHN concur.