STATE OF NORTH CAROLINA v. RUFUS NEWKIRK, JR.

No. 844SC329

(Filed 19 February 1985)

**1. Constitutional Law § 65— State not required to locate confidential informant— good faith effort unsuccessful**

　　In a prosecution for the sale and delivery of a controlled substance, the denial of defendant's motion to compel the State to locate a confidential informant was proper where the officer in charge of the undercover operation informed the court that the witness was a professional confidential informant who moved about the state and that the officer had attempted to locate the informant for two months without success, even making inquiries of the S.B.I., which was the informant's last known employer. The State cannot be compelled to produce a witness it cannot, in good faith, locate after a reasonable search.

**2. Narcotics § 4.5— jury instruction—sale and delivery of a controlled substance —correct in context**

　　A trial court's jury charge on sale and delivery of a controlled substance was correct where, viewed contextually, the court instructed that to be convicted defendant must have knowingly given a controlled substance to another for the purpose of selling and delivering it.

**3. Criminal Law § 26.4— possession of controlled substance—no double jeopardy**

　　Judgment was properly entered on two convictions for possession of the same controlled substance where the evidence clearly established that a different tablet of the same substance was obtained from defendant on two separate days. Defendant's possession was therefore different in both law and fact.

　　APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 8 November 1983 in ONSLOW County Superior Court. Heard in the Court of Appeals 8 January 1985.

　　Defendant was indicted for and convicted of two counts of sale and delivery of a controlled substance, phenmetrazine, and two counts of possession of a controlled substance with intent to sell and deliver. One count of each charge was alleged for separate transactions occurring on 27 and 28 January 1983.

　　The state offered evidence which tended to show that at approximately midnight on the evening of 26 January 1983 Officer J. P. Smith, of the Hickory Police Department, working undercover with the Jacksonville Police Department, and Earl Gray, a confidential informant employed by the Jacksonville Police De-

partment, went to Soul City Bar-B-Que, owned by defendant. They met a man identified as "Hightop," later identified as Akhtab Shaheed. Officer Smith testified that the confidential informant approached "Hightop" and asked if he knew where they could buy a "bam," the street name for phenmetrazine. "Hightop" walked up to defendant, engaged him in a brief inaudible conversation, and defendant appeared to hand something to "Hightop" in a closed fist, even though Officer Smith did not actually see anything in defendant's hand. "Hightop" then nodded for Officer Smith to follow him outside where "Hightop" sold him a tablet, later identified as phenmetrazine, for twenty dollars. Officer Smith went inside and left with the confidential informant.

Shaheed, "Hightop," testified that he had known the defendant for over one year. On 26 January 1983, he met the confidential informer who was accompanied by a lady, at defendant's restaurant. They asked him if he knew where they could purchase some "bams," but he didn't know. As Officer Smith and Gray started to leave, defendant asked Shaheed what they wanted, and Shaheed told him they wanted some "bams." Defendant told Shaheed that he had the drug and passed it to Shaheed. Shaheed sold the "bam" to Officer Smith outside the restaurant and gave the twenty dollars to defendant.

As to the transaction on 28 January 1983, Officer Smith stated that she and Gray returned to defendant's restaurant and met with "Hightop." When Officer Smith asked for another "bam," she and "Hightop" went outside immediately and completed the sale for twenty dollars. They returned inside and Officer Smith saw Shaheed place the twenty dollars on the counter behind the bar, and, looking at defendant, tell him that he was leaving the money there. Defendant walked over and put the money in his shirt pocket. Officer Smith and Gray left the restaurant.

Shaheed testified that the transaction relating to the second sale was about the same as the first sale; defendant passed the "bam" to him across the bar counter as the undercover agents waited, and he delivered it to Officer Smith outside the restaurant. Shaheed stated that after the sale, he went inside and handed the money to defendant, but did not recall saying anything to defendant.

Shaheed admitted that he had been previously convicted and sentenced on four drug offenses arising from his sale of drugs to Officer Smith and that the trial court had sentenced him to an active prison term on one count, reserving sentencing on the remaining three counts with the explicit understanding that Shaheed would receive sentences of time served if he cooperated with the state in the prosecution of defendant.

The defendant offered no evidence.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Appellate Defender Adam Stein, by James R. Glover, for defendant.*

WELLS, Judge.

Defendant brings forth three assignments of error, contending that the trial court erred in (1) failing to require the state to account for the whereabouts of its confidential informant, Earl Gray; (2) failing to adequately instruct the jury so as to require that the state prove both sale and delivery counts as to Officer Smith; and (3) entering judgment for two counts of possession of the same controlled substance. We find no prejudicial error.

[1] In his first assignment of error, defendant contends that the trial court improperly refused to require the state to use reasonable efforts to produce Earl Gray at trial. Essentially, defendant argues that he was entitled to an order from the trial court directing the state to attempt to locate the confidential informant, or to make a showing that his absence occurred in spite of reasonable efforts to ensure his presence at trial.

It is well established that the state is privileged to withhold from a defendant the identity of a confidential informant, with certain exceptions. The test applied, when disclosure of an informant's identity is requested, is set forth in *Roviaro v. United States*, 353 U.S. 53 (1957). The government, to promote disclosure of crimes, may withhold a confidential informant's identity except when disclosure of a communication will not reveal the name of the informer, or when the informer's identity has already been disclosed.

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

*Id.; see also State v. Gilchrist*, 70 N.C. App. 180, 321 S.E. 2d 445 (1984). Once defendant has made a "plausible" showing of the materiality of the informer's testimony, *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982), *State v. Grainger*, 60 N.C. App. 188, 298 S.E. 2d 203 (1982), *disc. rev. denied*, 307 N.C. 579, 299 S.E. 2d 648 (1983), the trial court must balance the public's interest with defendant's right to present his case "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States, supra; see also State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973). Two factors weighing in favor of disclosure are (1) the informer was an actual participant in the crime compared to a mere informant, *e.g., Roviaro v. United States, supra; State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975), and (2) the state's evidence and defendant's evidence contradict on material facts that the informant could clarify, *McLawhorn v. State of North Carolina*, 484 F. 2d 1 (4th Cir. 1973); *State v. Orr*, 28 N.C. App. 317, 220 S.E. 2d 848 (1976). Several factors vitiating against disclosure are whether the defendant admits culpability, offers no defense on the merits, or the evidence independent of the informer's testimony establishes the accused's guilt. *State v. Cameron, supra.*

Upon cross examination of Officer Smith, defendant, for the first time, requested the identity and current whereabouts of the confidential informer briefly mentioned in Officer Smith's direct examination. The state initially objected to disclosure but promptly withdrew the objection. Officer Smith identified the informer as Earl Gray, but denied any knowledge of his present whereabouts. Following cross examination, defendant moved for the trial court to compel the state to produce Gray's current address, telephone number, or contact him in order "to see if he's [sic] any exculpatory evidence that we might use." Defendant

justified this request based on Officer Smith's testimony that Gray was a witness to the occurrences inside the restaurant and remained in defendant's presence while Officer Smith and Shaheed consummated the alleged drug sale outside.

The trial court extensively questioned Lieutenant Paul Buchanan, Supervisor of the Special Operations Division in charge of the undercover operation, as to Gray's present whereabouts. Buchanan informed the trial court that Gray was a professional confidential informant who moved about the state and that he had attempted to locate Gray for two months without success, even making inquiries of the State Bureau of Investigation, who had employed Gray on occasion and was Gray's last known employer. The trial court denied defendant's motion indicating if Gray had been in Onslow County that he would compel his production, but as his testimony would not appear to be helpful to defendant, attempting to locate him might jeopardize any undercover operation he was presently involved in.

We hold that the trial court's denial of defendant's motion to compel the state to locate Gray was proper. Assuming for the purpose of this appeal that Gray was a participant in the alleged transactions and that his testimony could have helped clarify Officer Smith's testimony, the state cannot be compelled to produce a witness it cannot, in good faith, locate after a reasonable search. In *State v. Brockenborough*, 45 N.C. App. 121, 262 S.E. 2d 330 (1980), the court affirmed the trial court's denial of the defendant's request for the state to produce an informer stating:

> Prior to arraignment and trial, the court declared . . . [the informant] a material witness and ordered the State to furnish defendant with the best information available to the district attorney and local law enforcement officers as to . . . [the informant's] whereabouts. It was further ordered that if an address for . . . [the informant] was found, the State was to inform the court and defendant. We hold this was all the State was required to do.

In the case before us, it clearly appears that the state made a good faith attempt to locate the informer but was unable to do so. Unlike *Brockenborough*, the trial court did not order the state to provide Gray's whereabouts if he was located, but this was the result of defendant's motion being made during the first day of a

two-day trial rather than at arraignment. Under the facts of this case, we find that the state's good faith effort to locate the confidential informant was all that was required. This assignment is overruled.

[2] In defendant's second assignment of error he contends that the trial court improperly instructed the jury on sale and delivery of a controlled substance. He argues that the following portion of the jury charge permitted conviction if defendant delivered a controlled substance to Shaheed without knowing that Shaheed would sell and deliver the controlled substance.

> Now, handing a phenmetrazine tablet to Akhtab Shaheed for exchange of twenty dollars from J. P. Smith that's, that handing being done by the defendant would be a sale and delivery of a controlled substance.

It is axiomatic in this state that the trial court's jury charge must be construed contextually as a whole and that isolated errors are not necessarily prejudicial. *State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683, *cert. denied*, 409 U.S. 948 (1972). Placing the contested portion of the jury charge in context, the trial court instructed:

> [T]o find the defendant guilty of selling and delivering phenmetrazine, a controlled substance, the State must prove beyond a reasonable doubt that the defendant *knowingly sold and delivered phenmetrazine to J. P. Smith.*
>
> Now, handing a phenmetrazine tablet to Akhtab Shaheed for exchange of twenty dollars from J. P. Smith that's, that handing being done by the defendant, would be a sale and delivery of a controlled substance. Now, I instruction you for a person to be guilty of a crime, it is not necessary that he himself do all of the acts necessary to constitute the crime. *If two or more persons acting together with a common purpose to commit sale and delivery of phenmetrazine, each of them is held responsible for the acts of the others done in the commission of selling phenmetrazine.*
>
> So, I charge if you find from the evidence that . . . Rufus Newkirk, Jr. acting either by himself or acting together with Akhtab Shaheed *knowingly handed a phenmetrazine tablet to Akhtab Shaheed for exchange of twenty dollars*

*from J. P. Smith, it would be your duty to return a verdict of guilty as charged.* [Emphasis added.]

Viewing the trial court's instruction contextually, the trial court properly instructed that defendant, to be convicted, must have knowingly given a controlled substance to Shaheed for the purpose of selling and delivering it to Officer Smith. This assignment is overruled.

[3] In defendant's final assignment of error he contends that the trial court erred by entering judgment for two convictions of possession of the same controlled substance, contending that he was twice put in jeopardy for the same offense. "For the plea of former jeopardy to be good, the plea must be grounded on the 'same offense' both in law and in fact." *State v. Lewis*, 32 N.C. App. 298, 231 S.E. 2d 693 (1977) (quoting *State v. Cameron, supra*). Shaheed's and Officer Smith's testimony clearly establishes that Shaheed obtained a different tablet of the same controlled substance on two separate days from defendant. Defendant's possession, therefore, was different both in law and in fact. This assignment of error is overruled.

The record before us reflects that defendant received a fair trial in which we find

No error.

Judges ARNOLD and COZORT concur.