STATE OF NORTH CAROLINA v. WILLIAM LOGAN

No. 8526SC945

(Filed 18 February 1986)

**1. Constitutional Law § 67— confidential informant—disclosure of State's information**

The trial court properly denied defendant's motion to strike testimony concerning a visit to defendant's apartment by an undercover police officer and a confidential informant for the purpose of buying drugs, properly denied defendant's motion for a mistrial, and properly denied defendant's motion for a continuance, since the State met its obligation of disclosure by revealing the name of the informant, "Butch," which was all it knew about his identity, and there was no showing by defendant that he might reasonably be able to locate the informant.

**2. Criminal Law § 122.2— inability of jury to reach verdict—instructions proper**

Defendant was not prejudiced by the trial court's failure to give all of the instructions set forth in N.C.G.S. § 15A-1235(a) and (b) when reinstructing the jury after it appeared that the jury was deadlocked, since defendant did not object at trial; moreover, there was no "plain error" because evidence of defendant's guilt was very strong, and instructions given by the trial judge were in substantial conformity with the statute.

ON certiorari to review the judgment of *Kirby, Judge*. Judgment entered 28 July 1982 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 4 February 1986.

Upon proper indictments, defendant was convicted of sale and delivery of cocaine, possession with intent to sell and deliver cocaine, sale and delivery of heroin and possession with intent to sell and deliver heroin. Defendant's appeal was not timely perfected due to an inadvertent failure to appoint counsel to represent defendant on appeal when defendant entered notice of appeal on 28 July 1982. This Court subsequently allowed defendant's petition for a writ of certiorari.

At trial, the State's evidence tended to show the following events and circumstances. In July of 1981, Agent Bryan Beatty was on assignment in the Charlotte area as an undercover narcotics agent for the State Bureau of Investigation. Officer D. L. Givens was employed as an officer in the Charlotte Police Department, also working as an undercover narcotics officer. At about 2:45 p.m. on 24 July 1981, Beatty and Givens went together by automobile to a duplex residence identified as 1400-B Newland

Road in Charlotte. They went there for the purpose of purchasing a controlled substance *from defendant* (emphasis supplied). Beatty had previously visited the residence at 1400-B Newland Road on 16 and 21 July 1981 to purchase controlled substances from defendant. Officer Givens also accompanied Beatty on the 21 July visit but remained in the car. On 24 July, Beatty parked his car about twenty-five feet from the residence, went to the front door where he was met by defendant, entered the residence and remained there five or six minutes while he purchased both cocaine and heroin from defendant. When defendant came out to admit Beatty, Givens observed defendant on the porch of the residence. Beatty's and Givens' descriptions of defendant were consistent with each other. Officer W. H. Caldwell, Jr. of the Charlotte Police Department observed a green Pontiac automobile parked in front of the residence. Caldwell, who knew defendant, had seen defendant driving that car on numerous occasions. Both Beatty and Givens identified defendant as the person they saw at the Newland Road residence on 24 July and Beatty identified him as the person with whom he dealt on all three of his visits.

Defendant did not testify, but presented alibi evidence through others. These witnesses testified that on 24 July 1981 defendant resided at 608 Georgetown Drive in Charlotte and that 1400-B Newland Road was the address of defendant's estranged wife. There was testimony that from 12:00 or 12:30 p.m. on 24 July 1981 until 6:00 or 8:00 p.m. defendant was at a birthday party at 2421-A Horne Drive, and specifically that defendant was there at about 2:50 p.m. These witnesses' description of defendant on that day did not agree with the description given by Beatty and Givens.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James Peeler Smith, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Marc D. Towler, for defendant-appellant.*

WELLS, Judge.

In his brief, defendant contends that the trial court erred in denying his motion for a mistrial, in denying his motion for continuance to allow him to locate a non-appearing confidential in-

formant and in instructing the jury. We overrule each of defendant's assignments of error and find no error in the trial.

[1] On direct examination, Agent Beatty testified that he had made visits to the Newland Road residence on 16 and 21 July and identified defendant as the person with whom he dealt. On cross-examination, Beatty testified that he did not know defendant before 16 July 1985 but was informed by a confidential and reliable informant that he could purchase "drugs" from defendant. The informant was with Beatty on the 16 July visit but did not participate in the purchase. On defendant's motion, the State revealed the informant's identity as a person named "Butch." The State was unable to identify "Butch" further or to furnish any information as to his whereabouts. Defendant requested that the State be ordered to produce the informant; that motion was denied. Defendant then moved in the alternative that the trial court strike all testimony as to the 16 July visit or that the trial court declare a mistrial; that motion was denied. Defendant also requested a continuance in order to try to locate the informant; that request was denied.

We agree with defendant that the State's privilege to withhold the identity of an informant must give way where the disclosure of identity "is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause. . . ." *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957); *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53 (1969). This court has held, however, that the State's disclosure obligation is met when it discloses all the information it possesses as to an informant's identity or whereabouts. *State v. Newkirk*, 73 N.C. App. 83, 325 S.E. 2d 518, *disc. rev. denied*, 313 N.C. 608, 332 S.E. 2d 81 (1985). Assuming without deciding that "Butch's" testimony would have been relevant on the question of defendant's identity, we hold that, in this case, the State met its obligation of disclosure and that the trial court properly denied defendant's motions to strike the testimony as to the 16 July visit or for a mistrial. We also hold that in the light of the paucity of information possessed by the State as to "Butch's" identity or whereabouts, absent a showing by defendant that he might reasonably be able to locate "Butch," the trial court properly denied defendant's motion for a continuance.

The State contends that defendant's arguments on this aspect of the trial should be rejected because "Butch" was not a participant in the offenses for which defendant was being tried. Because we have overruled defendant's assignments of error based on these aspects of the trial on other grounds, we need not reach that question.

[2] Defendant next contends that the trial court erred in reinstructing the jury when it appeared that the jury was deadlocked by not giving all of the instructions set out in N.C. Gen. Stat. § 15A-1235(a) and (b) (1983). The statute provides:

(a) Before the jury retires for deliberation, the judge must give an instruction which informs the jury that in order to return a verdict, all 12 jurors must agree to a verdict of guilty or not guilty.

(b) Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(c) If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b). The judge may not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(d) If it appears that there is no reasonable possibility of agreement, the judge may declare a mistrial and discharge the jury.

When the jury informed Judge Kirby that it had been unable to agree on a verdict, he reinstructed the jury as follows:

Members of the jury, of course your foreman has just informed me that so far you have been unable to agree upon a verdict. I want to emphasize the fact that it is your duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women and reconcile your differences if you can without the surrender of your conscientious convictions. No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict. I'm going to let you go back to the juryroom and resume your deliberations.

In *State v. Williams*, slip op. No. 50A84, filed 7 January 1986, our Supreme Court held that when a trial judge attempts to give any of the G.S. 15A-1235(a) and (b) instructions to a deadlocked jury, he must give all those instructions. The *Williams* court held that the failure to so instruct the jury in that case was non-prejudicial because defendant did not object to the instruction given at trial and that the error committed did not rise to the level of "plain error" under the instruction given. We are faced with the same question, as defendant in this case did not object at trial. We have reviewed the entire record, *see Williams, supra,* and *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), and conclude there was no "plain error" here. First, the evidence of defendant's guilt was very strong; second, the instructions given by Judge Kirby were in substantial conformity with the statute. We overrule this assignment of error.

We conclude that defendant received a fair trial, free of prejudicial error.

No error.

Judges WHICHARD and COZORT concur.