STATE OF NORTH CAROLINA v. KENDRICK DARK

No. COA09-1287

(Filed 15 June 2010)

**Discovery— denial of motion to compel disclosure—confidential informant**

The trial court did not err in a possession of cocaine with intent to sell or deliver and sale and delivery of cocaine case by denying defendant's motion to compel disclosure of the identity of a confidential informant. Defendant failed to carry his burden of showing that the facts of this case mandated disclosure when there was no forecast as to how the identity of the confidential informant could provide useful information for defendant in order to clarify any contradiction between the State's evidence and defendant's denial.

Appeal by defendant from judgments entered 28 April 2009 by Judge Henry W. Hight, Jr. in Granville County Superior Court. Heard in the Court of Appeals 24 May 2010.

Attorney General Roy Cooper, by Special Deputy Attorney General Mabel Y. Bullock, for the State.

Kevin P. Bradley, for defendant-appellant.

MARTIN, Chief Judge.

Defendant was indicted for possession of cocaine with intent to sell or deliver and sale and delivery of cocaine. He entered pleas of not guilty.

Prior to trial, defendant moved to require the State to disclose the identity of a confidential informant. After an evidentiary hearing conducted before the jury was empaneled, the trial court denied the motion. At trial, the State's evidence tended to show that on 21 February 2007, a police officer with the Henderson Police Department set up a possible drug deal with the assistance of a confidential informant. The informant made a telephone call to set up a drug transaction between the officer and defendant. Defendant told the informant to come to a specific parking spot at Piedmont Village Apartments.

The police officer drove to Piedmont Village Apartments with the informant. Soon after they arrived at the apartments, defendant walked over to the driver's side window where the police officer was seated. Defendant handed the officer twenty dollars worth of a substance later identified as crack cocaine and a bag of marijuana. Defendant put the drugs into the officer's left hand and took $40.00 from the officer's right hand. The officer thanked defendant, and defendant walked back towards the apartments. The officer left immediately to meet with a narcotics agent with the Granville County Sheriff's Department. He turned the drugs over to the agent and told him what had transpired during the drug buy.

The officer identified defendant as the person who sold him the drugs from a photographic line-up. The officer also wore a wire during the transaction with defendant, and the agent, who was parked close enough to see the officer, could hear the conversation between the officer and defendant. The agent testified that he recognized defendant's voice from another undercover operation which occurred the week prior to the event at issue in this case.

Defendant did not offer evidence. The jury found him guilty of both charges, and the trial court entered judgments upon the verdicts sentencing defendant to active terms of imprisonment of a minimum of sixteen months and a maximum of twenty months for sale and

delivery of cocaine and a minimum of ten months and a maximum of twelve months for possession of cocaine, the sentences to run concurrently. Defendant gave notice of appeal.

---

Defendant's sole argument on appeal is that the trial court erred in denying his motion to compel the State to disclose the confidential informant's identity. After careful consideration of his argument, we find no error.

"[T]he state is privileged to withhold from a defendant the identity of a confidential informant, with certain exceptions." *State v. Newkirk*, 73 N.C. App. 83, 85, 325 S.E.2d 518, 520, *disc. review denied*, 313 N.C. 608, 332 S.E.2d 81 (1985). *Roviaro v. United States*, 353 U.S. 53, 1 L. Ed. 2d 639 (1957), sets forth the applicable test when disclosure is requested. *See State v. Jackson*, 103 N.C. App. 239, 241, 405 S.E.2d 354, 356 (1991), *aff'd per curiam*, 331 N.C. 113, 413 S.E.2d 798 (1992). "The trial court must balance the government's need to protect an informant's identity (to promote disclosure of crimes) with the defendant's right to present his case." *Id.* (citing *Roviaro*, 353 U.S. at 62, 1 L. Ed. 2d at 646). "However, before the courts should even begin the balancing of competing interests which *Roviaro* envisions, a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure." *State v. Watson*, 303 N.C. 533, 537, 279 S.E.2d 580, 582 (1981).

"Two factors weighing in favor of disclosure are (1) the informer was an actual participant in the crime compared to a mere informant, and (2) the state's evidence and defendant's evidence contradict on material facts that the informant could clarify." *Newkirk*, 73 N.C. App. at 86, 325 S.E.2d at 520 (citations omitted). Factors which weigh against disclosure include "whether the defendant admits culpability, offers no defense on the merits, or the evidence independent of the informer's testimony establishes the accused's guilt." *Id.* at 86, 325 S.E.2d at 520-21.

In this case, only the informant's presence and role in arranging the purchase weigh in favor of disclosure. We agree with the trial court's finding that "there has been no forecast as to how the identity of the confidential informant could provide useful information for the defendant in order to clarify any contradiction between the State's evidence and the defendant's denial." Moreover, testimony by the informant was not admitted at trial; instead, the testimony of the police officer and the narcotics agent established defendant's guilt.

**STATE v. DARK**

[204 N.C. App. 591 (2010)]

Defendant has not carried his burden of showing that the facts of this case mandate disclosure of the informant's identity. Accordingly, the trial court did not err in denying defendant's motion for disclosure.

No error.

Judges BRYANT and ELMORE concur.