STATE OF NORTH CAROLINA v. J. D. DAVIS

No. 7326SC635

(Filed 12 December 1973)

**Narcotics § 4— possession of heroin found in bathroom**

    The State's evidence was sufficient for the jury in a prosecution for possession of heroin where it tended to show that heroin was found hidden under a toilet seat cover in a bathroom at the back of defendant's house, that defendant and three others were in the living room when the officers were admitted to the house, and that before entering the house officers saw a man hurriedly removing something from a front room of the house and carrying it toward the back.

APPEAL from *Snepp, Judge,* 16 April 1973 Session of MECKLENBURG County Superior Court.

Defendant was indicted for possession of heroin in contravention of G.S. 90-95 (a) (3). Defendant pled not guilty, was found guilty by the jury, and sentenced by the court to two years imprisonment.

The evidence presented by the State showed that police officers, pursuant to a valid search warrant, proceeded to the residence of J. D. Davis and were admitted by Davis, who admitted it was his house. There were four people—including Davis—sitting in the living room.

The officers then searched the premises, which consisted of a den, two bedrooms and one and one-half baths. In the half bath connected to the rear bedroom, on top of the toilet lid, underneath the toilet seat cover, the officers discovered six glassine bags containing a white powdery substance identified by the Crime Lab as heroin. Davis's son and daughter-in-law occupied the back bedroom and used the adjoining bathroom. J. D. Davis used the main bathroom which was located across from the den.

At the close of all the evidence, defendant moved for judgment as of nonsuit, and the motion was denied.

*Attorney General Morgan, by Assistant Attorney General Cole, for the State.*

*Charles V. Bell for defendant appellant.*

MORRIS, Judge.

Defendant's sole assignment of error is to the trial court's denial of his motion for judgment as of nonsuit, made at the close of all the evidence. It is his contention that the evidence was insufficient to go to the jury inasmuch as there was no evidence of a "state of awareness" on his part for the presence of the heroin in this bathroom.

In the leading case of *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972), the Supreme Court held that an accused has possession of a controlled substance within the meaning of the law "when he has both the power and intent to control its disposition or use." *Id.* at 12, 187 S.E. 2d at 714. The requirements of power and intent necessarily imply that a defendant must be aware of the presence of an illegal drug if he is to be convicted of possessing it. But here there was ample evidence to show that defendant was aware of the presence of the heroin. It was found hidden under a toilet seat cover in a bathroom at the back of his house. Before entering the house, police officers saw a man hurriedly removing something from a front room of the house and carrying it toward the back.

> "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which *may* be sufficient to carry the case to the jury on a charge of unlawful possession. *Also,* the State may overcome a motion to dismiss or motion for judgment as of nonsuit by presenting evidence which places the accused 'within such close juxtaposition to the narcotic drugs as to justify the jury in concluding that the same was in his possession.' (Citations omitted.)" (Emphasis added.) *Id.* at 12-13, 187 S.E. 2d at 714.

In *State v. Summers,* 15 N.C. App. 282, 189 S.E. 2d 807 (1972), this Court held that the State's evidence was sufficient to go to the jury. Defendant shared a house with one other person, and at the time of the arrival of the police, 15 to 20 people were visiting defendant and listening to the stereo. Marijuana was found in a stove in the backyard "practically up against the house."

While the rule established in *State v. Harvey, supra,* does not compel submission of the case to the jury in every instance

in which controlled substances are found on the premises of an accused, the facts of this case are sufficient.

No error.

Judges VAUGHN and BALEY concur.