STATE OF NORTH CAROLINA v. WILLIE WEEMS

No. 765SC542

(Filed 1 December 1976)

Narcotics § 4— possession of heroin for sale — defendant in close proximity to drugs — insufficiency of evidence of possession

In a prosecution for possession of heroin with intent to sell, evidence was insufficient to be submitted to the jury where it tended to show that police, acting on information the nature of which was not disclosed in the record, placed a certain automobile under surveillance; they saw three men get into the car and drive away; they followed and shortly thereafter stopped the car; defendant was found to be a passenger sitting in the right front seat; the driver was the registered owner of the car; the third man was riding in the back seat; packets of heroin were found hidden in three different locations in the car, two of which were in the front seat area and one in the back seat area; defendant was in close proximity to the heroin hidden in the front seat area; there was no evidence defendant owned or controlled the car; there was no evidence he had been in the car at any time other than during the short period which elapsed between the time the officers saw the three men get in the car and the time they stopped and searched it; and there was no evidence of any circumstance indicating that defendant knew of the presence of the drugs hidden in the car.

APPEAL by defendant from *Martin (Perry), Judge.* Judgment entered 10 February 1976 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 November 1976.

Defendant was tried on his plea of not guilty to an indictment charging him with felonious possession of heroin with intent to sell.

The State's evidence showed:

On 16 May 1975 after a meeting at the New Hanover County Sheriff's Department, four officers were ordered to set up a surveillance of a 1973 Grand Prix Pontiac, license number HNW-977, believed to be at the New Hanover Arms Apartments in Wilmington. The officers reached the apartments shortly after 9:00 p.m. and observed the described automobile parked directly in front of Building 1002. Two of the officers took concealed positions in the woods across from Building 1002, while the other two officers remained in the county police car and moved to a vantage point further down the road. About 10:00 p.m., three black males emerged from the building, entered the Pontiac, and drove from the apartment park-

ing lot. The officers concealed in the woods communicated this information to the officers in the parked car who began following the Pontiac once it passed their location. After following it for a short distance, the officers stopped the Pontiac. The occupants were found to be: Raymond Gooden, the driver and registered owner of the Pontiac; defendant Weems, the passenger sitting in the right front seat; and Ronnie Tyndall, the passenger sitting in right back seat.

A search of the automobile revealed: (1) located inside the crease where the top and bottom halves of the back seat join, almost directly behind the seating position of Tyndall, was a wad of aluminum foil, inside of which were 40 small foil packets containing an off-white powder later analyzed to be a mixture of heroin, quinine, and sucrose; (2) located inside the carpet overlap between the transmission hump and the front seat on the passenger's side, was a matchbox, inside of which were 45 small foil packets containing an off-white powder later analyzed to be a mixture of heroin, quinine, and sucrose; (3) located underneath the ashtray in the console, were four large foil packets—one of these contained 32 small foil packets of an off-white powder later analyzed to be a mixture of heroin, quinine, and sucrose; another contained .72 grams of a brown powder later analyzed to be heroin; and the two remaining contained 3.87 grams and 1.56 grams respectively of a white powder later analyzed to be a mixture of quinine and sucrose.

Defendant Weems presented no evidence. The jury found him guilty of possession with intent to sell and deliver heroin. From a judgment imposing a prison term, defendant appealed.

*Attorney General Edmisten by Special Deputy Attorney General Edwin M. Speas, Jr., for the State.*

*Jay D. Hockenbury for defendant appellant.*

PARKER, Judge.

The question presented is whether the evidence was sufficient to withstand defendant's motion for nonsuit. We hold that it was not.

"An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use." *State v. Harvey,* 281

---

State v. Weems

---

N.C. 1, 12, 187 S.E. 2d 706, 714 (1972). Necessarily, power and intent to control the contraband material can exist only when one is aware of its presence. Therefore, evidence which places an accused within close juxtaposition to a narcotic drug under circumstances giving rise to a reasonable inference that he knew of its presence may be sufficient to justify the jury in concluding that it was in his possession. "However, mere proximity to persons or locations with drugs about them is usually insufficient, in the absence of other incriminating circumstances, to convict for possession." Annot., 91 A.L.R. 2d 810, 811 (1963). Consistent with this view, a number of courts have recognized the principle that "the mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs. . . . " Annot., 57 A.L.R. 3d 1319, 1326 (1974).

In the present case, the evidence showed that the police, acting on information the nature of which is not disclosed in this record, placed a certain automoblie under surveillance. They saw three men get into the automobile and drive away. They followed and shortly thereafter stopped the car. Defendant was found to be a passenger sitting in the right front seat. The driver was the registered owner of the car. The third man was riding in the back seat. Packets of heroin were .found hidden in three different locations in the car, two of which were in the front seat area and one in the back seat area. Defendant was in close proximity to the heroin hidden in the front seat area. There was no evidence defendant owned or controlled the car. There was no evidence he had been in the car at any time other than during the short period which elapsed between the time the officers saw the three men get in the car and the time they stopped and searched it. There was no evidence of any circumstances indicating that defendant knew of the presence of the drugs hidden in the car.

Viewing the evidence in the light most favorable to the State, and giving the State the benefit of every legitimate inference which may be reasonably drawn from the evidence, we find no evidence of any circumstance connecting the defendant to the drugs in any manner whatsoever other than the showing of his mere presence for a brief period in the car as a passenger. In our opinion, this was not enough. *See generally State v. Minor*, 290 N.C. 68, 224 S.E. 2d 180 (1976) ; *State v. Finney*,

290 N.C. 755, 228 S.E. 2d 433 (1976). Defendant's motion for nonsuit should have been allowed.

Reversed.

Chief Judge BROCK and Judge HEDRICK concur.