STATE OF NORTH CAROLINA v. ROSS TURNER BOND

No. 826SC702

(Filed 19 April 1983)

**Narcotics § 4— possession of marijuana—sufficiency of evidence**

The State's evidence was sufficient to support conviction of defendant for possession of more than 100 pounds of marijuana where it tended to show that two officers who were keeping a field of growing marijuana under surveillance noticed that some of the marijuana plants had been stripped of their leaves since the preceding day and saw two large plastic bags filled with something standing up in the field; the officers observed defendant walking toward the field wearing a backpack and carrying a shotgun; upon reaching the field, defendant picked up one of the large plastic bags and then put it back on the ground, after which the officers left to get assistance and a warrant; upon returning to the field about 45 minutes later, the officers found no one there and the two filled bags which they had seen earlier were gone; the officers noted that still more marijuana stalks had been stripped of their leaves and found five more large plastic bags, all of which contained marijuana leaves; one of the bags also contained the backpack which defendant had been seen wear-

ing earlier and it, in turn, contained a sales receipt and other items; defendant's left thumbprint was found on one of the plastic bags, his right thumbprint was found on the sales receipt, and nine of defendant's palm prints were found on three other bags; and the marijuana found in the bags weighed more than 100 pounds.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 3 February 1982 in Superior Court, BERTIE County. Heard in the Court of Appeals 14 January 1983.

Defendant was convicted under an indictment charging him with possessing more than 100 pounds of marijuana, in violation of G.S. 90-95(h)(1)(b).

The State's evidence tended to show that: Two law enforcement officers, after locating and photographing a remote, secluded, woods-surrounded field where marijuana was being grown, lay in wait the next day to see who was cultivating it; they saw that some of the marijuana plants had been stripped of their leaves since the preceding day and saw two large plastic bags filled with something standing up in the field; after awhile they saw the defendant walking toward the field wearing a back pack and carrying a shotgun; upon reaching the field, defendant picked up one of the large plastic bags and then put it back on the ground, after which the officers left to get assistance and a warrant. Upon returning to the field about forty-five minutes later, the officers found no one there, and the two filled bags that they saw earlier were gone; they noted, however, that still more marijuana stalks had been stripped of their leaves during the interim and found five more large plastic bags like the one defendant had picked up earlier, all of which contained marijuana leaves; one of the bags also contained the backpack that the defendant had been seen wearing earlier, and it, in turn, contained a sales receipt and other items. The plastic bags and sales receipt were examined for fingerprints and defendant's left thumbprint was on one of the plastic bags, his right thumbprint was on the sales receipt, and nine of the defendant's palm prints were on three other bags. The marijuana involved weighed more than 100 pounds.

No evidence was presented to show who owned the land where the marijuana was growing and the defendant was not observed at any time to be either cultivating or harvesting the

marijuana. From judgment of conviction and an active prison sentence, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Moore & Moore, by Regina A. Moore, for the defendant appellant.*

PHILLIPS, Judge.

The only question presented is whether the evidence was sufficient to convict. Viewing the evidence favorable to the State, as we must, *State v. Cummings,* 301 N.C. 374, 271 S.E. 2d 277 (1980); *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968), we are of the opinion that it was.

That defendant was in this isolated patch where marijuana was being cultivated and harvested, handling one of the bags used in harvesting it; that during the short interval that followed more marijuana was harvested and the backpack defendant wore was left in one of the harvesting bags containing marijuana; that his thumbprints were on one bag and a sales slip that was in his backpack; and that his palm prints were on three of the other bags, was proof enough, we think, of his participation in the illicit operation.

That the evidence does not show that defendant owned or otherwise controlled the land where the marijuana was being grown and harvested in unimportant. The evidence does show, we think, that defendant was in possession of the marijuana, as the indictment charged, and that is legally sufficient. Indeed, "possession," within contemplation of our controlled substance laws, does not even require ownership of the substance, much less the land upon which it is situated. *State v. Pevia,* 56 N.C. App. 384, 289 S.E. 2d 135 (1982). "Possession," either actual or constructive, can be proven in many different ways. One approved way is by showing that an accused was knowingly and intentionally in control of a forbidden substance. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972). Which is the course the State followed here, the evidence presented being sufficient to show, in our judgment, that defendant knew what was being cultivated and harvested and had control of it. Unlike the situation in *State v. Weems,* 31

N.C. App. 569, 230 S.E. 2d 193 (1976), where the heroin was hidden from view and defendant's knowledge of it was not established, here the contraband, readily recognized by the officers as such, was in plain view, defendant was seen in control of one sack of it, and his finger and palm prints tend to show that other quantities of it were likewise in his possession.

However, the record does contain one circumstance favorable to the defendant. During cross examination one of the officers admitted that many hunters were near the area involved that day. That might explain defendant's presence there with a shotgun; and being there, ordinary curiosity could perhaps also explain defendant picking up the bags of marijuana and his palm and thumbprints being on them. But defendant's backpack being stored with the contraband materials and the harvesting of the illegal crop having been resumed almost immediately after defendant was seen in the marijuana patch are unexplained, if not unexplainable. This evidence, in our view, along with the rest, justified the jury in concluding that defendant was an insider and active participator in the forbidden project, rather than an innocent passerby or onlooker, as the defendant contends.

Consequently, we find

No error.

Judges WEBB and BECTON concur.