STATE OF NORTH CAROLINA v. PASQUALE DiNUNNO

No. 835SC368

(Filed 20 March 1984)

1. **Criminal Law § 104— joint trial—consideration of evidence on motion for nonsuit**

    When defendants are tried jointly and one of them offers no evidence, the evidence of the codefendant may not be considered on a motion to dismiss by the defendant offering no evidence although counsel for defendant cross-examined witnesses for the codefendant.

2. **Narcotics § 4.1— possession of cocaine—insufficient evidence**

    The State's evidence was insufficient to show that defendant had possession of cocaine found in a briefcase where it tended to show that defendant was en route to Canada from Florida on a non-commercial plane piloted by the codefendant; the plane landed in Wilmington, and while it was being refueled, the codefendant returned to the plane to get money to pay for the fuel; while at the plane, the codefendant noticed the arrival of law enforcement officers; the codefendant removed a briefcase from the plane and walked quickly into the terminal building, refusing the order of one of the officers to stop; the codefendant left the briefcase next to the wall in the back of the terminal building, out of sight of the officers following him, and returned to the front of the terminal; during this time, defendant remained at the counter near the front of the terminal; and the briefcase was later found to contain in excess of 400 grams of cocaine.

State v. DiNunno

APPEAL by defendant from *Rouse, Judge*. Judgment entered 3 March 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 November 1983.

Defendant Pasquale DiNunno and one David Greenberg were separately indicted on 14 September 1981 for trafficking in cocaine. Over the objection of defendant, his case was joined with Greenberg's for trial before a jury. The trial commenced on 22 February 1982 and occupied several days. The evidence basically tended to show the following:

Defendant DiNunno and Greenberg flew into New Hanover County Airport at approximately 1:20 on the morning of 28 July 1981. The plane was a non-commercial, twin engine plane piloted by Greenberg. The air traffic controller at the airport called the New Hanover County Sheriff's Department and the U.S. Customs office. The plane taxied to the Air Wilmington terminal. The owner of Air Wilmington, Bill Cherry, was called at home by the airport tower and drove to the airport. Cherry arrived at approximately 1:35 a.m. and began to fuel the aircraft in which defendant and Greenberg had arrived. Cherry completed fueling the plane and went into the terminal building. Defendant and Greenberg went into the terminal building to use the restroom. Greenberg indicated to Cherry that he had to go to the aircraft to get some money to pay Cherry for the fuel, which cost over $300.00. Cherry went behind a counter in the terminal and began writing up the bill. DiNunno remained in the building next to the counter.

Meanwhile, Deputy Winston Hemingway and Sergeant William Barefoot of the New Hanover County Sheriff's Department arrived at the Air Wilmington terminal and observed Greenberg getting out of the plane with a briefcase. Greenberg saw the officers and walked hurriedly back into the terminal building with the briefcase despite several requests by Hemingway to stop. Greenberg entered the terminal and without stopping threw some money on the counter and continued walking swiftly toward the rear of the terminal. He put the briefcase down next to a wall near the restrooms and returned to the counter, where defendant DiNunno was still standing. Upon questioning, Greenberg produced identification and denied that the briefcase belonged to him.

The briefcase was placed in the trunk of Sgt. Barefoot's patrol car until a customs official arrived. When the customs official arrived, the briefcase was forced open by Sgt. Barefoot. It contained five packets of white powder. A field test, later confirmed by a laboratory test, showed the powder to be cocaine. Both DiNunno and Greenberg were arrested.

After the State rested against both defendants, defendant DiNunno presented no evidence but his co-defendant, Greenberg, testified in his own behalf. Greenberg testified that DiNunno had told him on the plane before landing that he, DiNunno, was "hot" and, after landing, that a briefcase or valise on the plane was also "hot." Greenberg testified that he was carrying the briefcase into the airport to give to DiNunno in order to get both the briefcase and DiNunno off the plane.

During the course of the trial, counsel for DiNunno made several motions to sever the trial and for mistrial. The motions were denied. At the end of the State's evidence, defendant DiNunno moved that the charges against him be dismissed. The motion was denied. The motion to dismiss was renewed at the close of codefendant Greenberg's evidence and again at the close of all the evidence and denied each time.

On 3 March 1982, DiNunno was found guilty as charged in the indictment of trafficking in cocaine. Greenberg was acquitted. After the verdict was returned, defendant moved again to dismiss and also to set aside the jury verdict. The motions were denied and judgment was entered sentencing defendant to thirty-five years in prison and imposing a $250,000.00 fine. From this judgment, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Philip A. Telfer, for the State.*

*Burney, Burney, Barefoot, Bain and Crouch, by Roy C. Bain, for defendant appellant.*

EAGLES, Judge.

In his first argument, defendant contends that it was error for the trial court to deny his motion to dismiss made at the close of the State's evidence and renewed at the close of defendant

Greenberg's evidence. This presents the question of whether Greenberg's testimony as to defendant DiNunno should have been considered. G.S. 15-173 provides in part:

> When on the trial of any criminal action in the superior or district court, the State has introduced its evidence and rested its case, the defendant may move to dismiss the action, or for judgment as in case of nonsuit. . . .

> If the defendant introduces evidence, he thereby waives any motion for dismissal or judgment as in case of nonsuit which he may have made prior to the introduction of his evidence and cannot urge such prior motion as ground for appeal. . . .

[1] This statute has been interpreted to mean that when defendants are tried jointly and one of them offers no evidence, the evidence of the co-defendant may not be considered on a motion to dismiss by the defendant offering no evidence. *See State v. Frazier*, 268 N.C. 249, 150 S.E. 2d 431 (1966) and *State v. Berryman*, 10 N.C. App. 649, 179 S.E. 2d 875 (1971). The State argues that this rule does not apply because the defendant offered evidence through cross-examination of the witness for co-defendant Greenberg. We do not agree. While the opinions in *Frazier* and *Berryman* do not reveal whether the defendants who did not offer evidence cross-examined witnesses for the defendants who offered evidence, we do not believe we can disregard them in our determination of the instant case. The defendant DiNunno through his attorney cross-examined Greenberg as to the events leading up to and surrounding the arrest. As we read the cross-examination, he did not attempt to elicit substantive evidence beneficial to the defendant DiNunno. This does not constitute introducing evidence within the meaning of G.S. 15-173. We believe that in passing on the motion to dismiss we can consider only the evidence offered by the State before it rested.

[2] The State's evidence tends to show that defendant was en route to Montreal, Canada, from Fort Lauderdale, Florida, on a non-commercial plane piloted by co-defendant Greenberg. The plane landed in Wilmington. While it was being refueled, Greenberg returned to the plane to get money to pay for the fuel. While at the plane, he noticed the arrival of law enforcement officers. Greenberg removed a briefcase from the plane and walked

quickly into the terminal building, refusing the order of one of the officers to stop. He left the briefcase next to the wall in the back of the terminal building, out of sight of the officers following him, and returned to the front of the terminal. The briefcase was later found to contain in excess of 400 grams of cocaine. During this time, the defendant remained at the counter near the front of the terminal.

The only competent evidence tending to show any connection between defendant and the briefcase is the presence of both on the same plane. There was no evidence that the defendant had control of the plane. The State's evidence showed that defendant was in close proximity to the drugs but does not show that he ever had control of the briefcase or knew of its contents. We hold that this does not support a reasonable inference that the defendant had possession of the drugs. *See State v. Weems*, 31 N.C. App. 569, 230 S.E. 2d 193 (1976). Defendant's motion to dismiss should have been allowed.

Reversed.

Judges WEBB and PHILLIPS concur.