STATE OF NORTH CAROLINA v. CARA F. LIPFORD

No. 8525SC1316

(Filed 17 June 1986)

1. **Conspiracy § 6— conspiracy to traffic in cocaine—sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a prosecution for conspiracy to traffic in cocaine, even though no illegal drugs changed hands, where defendant and two coconspirators went to the scene where a drug deal was to take place; defendant asked an undercover agent how much cocaine he wanted; defendant left, telling the agent she would return shortly and let him know if she could get the cocaine; defendant did return and accepted $2,850 from the agent; and defendant left with the money but never returned with the cocaine.

2. **Conspiracy § 5.1— statements of coconspirator in furtherance of conspiracy— admissibility**

    In a prosecution for conspiracy to traffic in cocaine the trial court did not err in admitting testimony by a coconspirator that he had been involved in many drug transactions with defendant in which she had left to get drugs while he waited with the purchaser, that she had always returned with the drugs in the past, and that he thus could not understand what had happened, since evidence establishing the conspiracy had been introduced prior to the conspirator's testimony, and statements made by a coconspirator in furtherance of the conspiracy are admissible.

3. **Conspiracy § 5.1; Constitutional Law § 74— coconspirator's statement—no vicarious assertion of Fifth Amendment rights**

    The trial court did not err in admitting a statement made by a coconspirator since the statement did not refer to defendant; moreover, defendant could not argue the inadmissibility of the statement on the ground that the coconspirator's constitutional rights were violated, since Fifth Amendment rights are personal and may not be vicariously asserted.

APPEAL by defendant from *Saunders, Judge*. Judgment entered 26 July 1985 in Superior Court, CATAWBA County. Heard in the Court of Appeals 17 April 1986.

---

---

Defendant appeals from a judgment of imprisonment entered upon her conviction of conspiracy to traffic in cocaine.

*Attorney General Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for the State.*

*Purser, Cheshire, Parker & Hughes, by George W. Hughes, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying her motion to dismiss for insufficiency of the evidence. She argues that since she did not return to the scene of the agreement to deliver illegal drugs, the evidence shows only that she intended to depart with the money obtained through a pretense that illegal drugs would be delivered to the S.B.I. agent who delivered the payment to her. She further argues that the agent's own testimony that he was "ripped off" supports this view of the evidence. We find the contention without merit.

A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means. *State v. Bindyke,* 288 N.C. 608, 615, 220 S.E. 2d 521, 526 (1975); *State v. Gray,* 56 N.C. App. 667, 672, 289 S.E. 2d 894, 897, *disc. rev. denied,* 306 N.C. 388, 294 S.E. 2d 214 (1982). The selling of twenty-eight grams or more of cocaine is an unlawful act known as "trafficking in cocaine." N.C. Gen. Stat. 90-95(h)(3). A person who conspires to sell twenty-eight grams or more of cocaine is subject to the same penalties as one who in fact does so. N.C. Gen. Stat. 90-95(i).

In ruling on defendant's motion to dismiss the trial court had to consider the evidence in the light most favorable to the State. *State v. Earnhardt,* 307 N.C. 62, 67, 296 S.E. 2d 649, 652 (1982). The State was entitled to every reasonable inference to be drawn from the evidence, whether the evidence was direct, circumstantial or both. *Id.* at 67, 296 S.E. 2d at 653.

Viewed by this standard as required, the evidence, in pertinent part, showed the following:

On 18 March 1985 defendant accompanied two co-defendants in a pickup truck to an Arby's restaurant. After the truck pulled

into the Arby's parking lot, defendant and the co-defendants engaged in a brief conversation. One of the co-defendants, Grant Bowers, then got out of the vehicle, and defendant and the other co-defendant departed.

Bowers got into a car occupied by S.B.I. Agent John Stubbs and a confidential source. Defendant subsequently returned and also got into the car. The confidential source introduced defendant to Stubbs. Defendant asked how much "caine" Stubbs needed, and Stubbs replied that he and the confidential source wanted to purchase one and one-half ounces of cocaine. Defendant asked if they had cash money for the transaction, and Stubbs told her he had the money. Defendant said she would return shortly and let him know if she could get the cocaine. When she returned she advised that she could get it for a total of $2,850. She further advised that she would need the money before she could get the "caine" and that it would take fifteen or twenty minutes for her to obtain it. She finally said she would leave one of the co-defendants "as collateral" to make sure she returned with either the money or the "caine."

Stubbs thereupon agreed to the arrangement and gave defendant $2,850 in undercover drug money. Defendant left the area with the money at approximately 8:35 p.m. Stubbs and the confidential source waited at the restaurant until approximately midnight, but defendant never returned.

We find the foregoing evidence sufficient "to give rise to a reasonable inference" that defendant and her co-defendants agreed between themselves to commit the unlawful act of trafficking in cocaine. *See Earnhardt*, 307 N.C. at 68, 296 S.E. 2d at 653. It was not necessary to conviction that the unlawful act itself be completed. "As soon as the union of wills for the unlawful purpose is perfected, the offense of conspiracy is completed." *Bindyke*, 288 N.C. at 616, 220 S.E. 2d at 526. The jury could reasonably infer from the evidence that the union of wills between defendant and her co-defendants was completed, and the court thus properly denied the motion to dismiss.

[2] Defendant contends the court erred in admitting a statement made to Agent Stubbs by co-defendant Bowers. The general import of the statement was that Bowers had been involved in many drug transactions with defendant in which she had left to get

drugs while he waited with the purchaser, that she had always returned with the drugs in the past, and that he thus could not understand what had happened.

"Once a conspiracy has been shown to exist the acts and declarations of each conspirator, done or uttered in furtherance of a common illegal design, are admissible in evidence against all." *Bindyke*, 288 N.C. at 616, 220 S.E. 2d at 526. *See* N.C. Gen. Stat. 8C-1, Rule 801(d)(E). The evidence recited above, at least in material part, was introduced before Bowers' statement was offered. We have held that evidence sufficient to establish a conspiracy. We further hold that Bowers' statement was made in furtherance of the conspiracy. It was made to reassure Agent Stubbs that the drug transaction which was the subject of the conspiracy would indeed occur, despite defendant's prolonged absence after she received the payment. At least in Bowers' mind, the conspiracy still existed when he made the statement. We thus find no error in the admission of the statement.

[3] Defendant argues the court erred in admitting, over objection, testimony regarding a statement made by co-defendant Wallace Collins. Collins' statement did not refer to defendant. Thus, it was not error to admit the hearsay testimony of the statement in the joint trial of defendant and Collins. *See Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968). Defendant contends, however, that the court erred in admitting testimony regarding the statement because at the time it was made Collins was under arrest and had not been informed of his *Miranda* rights. We reject defendant's contention on several grounds.

Defendant has no standing to argue the inadmissibility of the statement on the ground that Collins' constitutional rights were violated. As with Fourth Amendment rights, Fifth Amendment rights are personal and may not be vicariously asserted. *See* N.C. Gen. Stat. 15A-972 ("a *defendant who is aggrieved* may move to suppress evidence . . ."); *State v. Ford*, 71 N.C. App. 748, 751, 323 S.E. 2d 358, 361 (1984), *disc. rev. denied*, 313 N.C. 511, 329 S.E. 2d 397 (1985) (" 'Fourth Amendment rights are personal rights which . . . may not be vicariously asserted.' . . . Only an 'aggrieved' party may move to suppress evidence under G.S. 15A-972 by demonstrating that his personal rights and not those of some third party have been violated."). *See also United States v. Handley*,

763 F. 2d 1401, 1404 (11th Cir.), *cert. denied*, --- U.S. ---, 88 L.Ed. 2d 301, 106 S.Ct. 243 (1985) ("A defendant has standing to object on the ground of the fifth amendment self-incrimination privilege to the admission only of his own statements."); *United States v. Shaffner*, 524 F. 2d 1021, 1022 (7th Cir. 1975), *cert. denied*, 424 U.S. 920, 47 L.Ed. 2d 327, 96 S.Ct. 1125 (1976) (defendant had no standing to object to introduction of co-defendant's confession on the grounds that it was not voluntarily given).

Assuming, *arguendo*, defendant's standing to assert Collins' constitutional rights, we find no violation of Collins' rights. *Miranda* warnings need only be given before an individual is subjected to custodial interrogation. *State v. Holcomb*, 295 N.C. 608, 611-12, 247 S.E. 2d 888, 890-91 (1978). Spontaneous statements made by an individual while in custody are admissible despite the absence of *Miranda* warnings. *Id.*

The evidence regarding Collins' arrest can be summarized as follows:

After Officer Clontz informed Collins that he had a warrant for his arrest on charges of conspiracy to traffic in cocaine, Collins inquired, "What is this [expletive deleted] all about?" In response to Collins' inquiry, Clontz "told him that he was suppose [sic] to be at Arby's on Monday night." Collins replied, "*I was down there* . . . ." (Emphasis supplied.) Defendant's statement was not the result of a custodial interrogation; rather, it was a spontaneous response to Clontz's elaboration on the charges against defendant made at defendant's request. *Holcomb, supra.* Testimony regarding the statement thus was properly admitted.

Further assuming, *arguendo*, both error and defendant's standing to assert it, we do not believe the jury would have reached a different result if Collins' statement had been excluded. At trial and on appeal defendant has maintained that she did not conspire to sell cocaine, but at all times merely intended to abscond with the money given to her by Stubbs. The statement to which defendant objects was an admission by Collins that he was at Arby's on the night in question. Collins' admission in no way detracts from defendant's theory of the case. We thus find the error, if any, harmless beyond a reasonable doubt. N.C. Gen. Stat. 15A-1443(b).

No error.

Judges ARNOLD and JOHNSON concur.