STATE OF NORTH CAROLINA v. PAUL JACKSON

No. 9026SC831

(Filed 18 June 1991)

1. **Constitutional Law § 251 (NCI4th) — narcotics — confidential informant — disclosure of identity — not required**

The trial court did not err in a prosecution for trafficking in cocaine by denying defendant's motion for disclosure of a confidential informant's identity where only the informant's presence at the scene and role in arranging the purchase weighed in favor of disclosure; the factors weighing against disclosure were that defendant offered no defense on the merits, so that there was no contradiction between his evidence and the State's evidence for the informant to clarify; no testimony by the informant was offered at trial; and the State asserted that disclosure would jeopardize pending investigations. The factors favoring nondisclosure outweigh the factors favoring disclosure.

**Am Jur 2d, Criminal Law §§ 1002-1005.**

**Accused's right to, and prosecution's privilege against, disclosure of identity of informant. 76 ALR2d 262.**

2. **Narcotics § 4.3 (NCI3d); Conspiracy § 36 (NCI4th) — trafficking in cocaine — constructive possession — conspiracy — evidence sufficient**

The trial court did not err by denying defendant's motion to dismiss charges of trafficking in cocaine and conspiring to traffick in cocaine for insufficient evidence where Rickey Allison drove himself to the parking lot in a white car on two separate occasions to conduct negotiations for a drug transaction; Allison established that an officer had money for cocaine but was unwilling to follow him to a residence; Allison drove away and returned as a passenger in a red car driven by defendant; the cocaine in Allison's pocket produced a bulge noticeable

STATE v. JACKSON

[103 N.C. App. 239 (1991)]

at some distance; defendant did not enter the convenience store when Allison walked to the informant's car, as had the two males who had accompanied Allison earlier; defendant remained in the car looking around the parking lot; Allison placed a light colored rag inside the informant's car window; a search following the arrests revealed two firearms in the trunk of the car driven by defendant; and a white napkin removed from the informant's car held four clear plastic bags containing 111.73 grams of cocaine. An agreement between Allison and defendant to commit the felony of trafficking in cocaine could be inferred from the same evidence.

**Am Jur 2d, Conspiracy § 40; Drugs, Narcotics, and Poisons § 47.**

Judge WYNN dissenting.

APPEAL by defendant from judgments entered 2 February 1990 by *Judge Kenneth A. Griffin* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 20 March 1991.

On 6 July 1989 Officer C. D. Kearney set up a possible drug deal with the assistance of a confidential informant. Arrangements were made to purchase four ounces of cocaine from a black male by the name of Rickey. Upon arrival at the agreed upon convenience store parking lot, Officer Kearney contacted the informant and requested that the informant give him more information about Rickey and that he come to the location.

Rickey Allison arrived driving a white car with two other black males in the car. Neither of these two males were described as the defendant. Allison held a conversation with the informant which Officer Kearney could not hear, and then left in his car. The informant told Officer Kearney what had transpired. Allison returned five to ten minutes later alone and held another conversation with the informant out of Officer Kearney's hearing. Officer Kearney then intervened to ask whether there was a problem. Allison asked Officer Kearney if he had the money, then left again after being told Officer Kearney had the money.

A few minutes later Allison returned in a red car driven by defendant. Defendant parked less than a parking space away from Officer Kearney's car. Allison exited defendant's car, walked over to the informant's car, and placed a light-colored rag inside the

informant's car window. Officer Kearney contacted the surveillance team which arrested Allison and defendant. A white napkin removed from the informant's car held four clear plastic bags of a hard, white rock substance. This material was determined to be 111.73 grams of cocaine. A .38 caliber revolver and a .22 caliber rifle were found locked in the trunk of the car driven by defendant.

The jury returned verdicts of guilty of trafficking in cocaine by possessing 28 grams or more but less than 200 grams, trafficking in cocaine by transporting 28 grams or more but less than 200 grams, and feloniously conspiring to commit the felony of trafficking in cocaine by possessing and transporting 28 grams or more but less than 200 grams. The trial court entered judgments imposing a total of twenty-one years imprisonment and $75,000.00 in fines for the three offenses. From these judgments defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin Perkins Pendergraft, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Robert L. Ward, for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant contends the trial court committed reversible error in denying his motion to compel the state to disclose the confidential informant's identity. Generally the state has the privilege of withholding a confidential informant's identity from a defendant, but there are exceptions. *State v. Newkirk*, 73 N.C. App. 83, 325 S.E.2d 518, *disc. review denied*, 313 N.C. 608, 332 S.E.2d 81 (1985).

*Roviaro v. United States*, 353 U.S. 53, 1 L.Ed.2d 639 (1957), sets forth the test to be applied when the disclosure of an informant's identity is requested. *Id.* The trial court must balance the government's need to protect an informant's identity (to promote disclosure of crimes) with the defendant's right to present his case. *Id.* "However, before the courts should even begin the balancing of competing interests which *Roviaro* envisions, a defendant who requests that the identity of a confidential informant be revealed must make a sufficient showing that the particular circumstances of his case mandate such disclosure." *State v. Watson*, 303 N.C. 533, 537, 279 S.E.2d 580, 582 (1981) (citations omitted).

In making this determination, the trial court needs to take into account a number of factors.

Two factors weighing in favor of disclosure are (1) the informer was an actual participant in the crime compared to a mere informant, . . . and (2) the state's evidence and defendant's evidence contradict on material facts that the informant could clarify. . . . Several factors vitiating against disclosure are whether the defendant admits culpability, offers no defense on the merits, or the evidence independent of the informer's testimony establishes the accused's guilt.

*Newkirk*, at 86, 325 S.E.2d at 520-21 (citations omitted). Here only the informant's presence and role in arranging the purchase weigh in favor of disclosure.

There are several factors favoring nondisclosure. Defendant offered no defense on the merits, so there was no contradiction between his evidence and the state's evidence for the informant's testimony to clarify. No testimony by the informant was admitted at trial, rather the testimony of three law enforcement officers established defendant's guilt. In addition, the state asserted disclosure of the informant's identity would jeopardize pending investigations. *See State v. Johnson*, 81 N.C. App. 454, 344 S.E.2d 318, *disc. review denied*, 317 N.C. 339, 346 S.E.2d 151 (1986).

The factors favoring nondisclosure outweigh the factors favoring disclosure. Accordingly the trial court did not err in denying defendant's motion to compel disclosure of the confidential informant's identity.

**[2]** Defendant next contends the trial court erred in denying his motion to dismiss all of the charges for insufficient evidence.

[U]pon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury . . . . The trial judge must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citations omitted).

## STATE v. JACKSON

[103 N.C. App. 239 (1991)]

Here the evidence suggests that on two separate occasions Allison drove himself to the parking lot in a white car to conduct negotiations for the drug transaction. Allison then established that Officer Kearney had the money for the cocaine and that Officer Kearney was unwilling to follow him to a residence located off of Old Steele Creek Road. Next Allison got into the white car, drove out of the parking lot, and headed down Old Steele Creek Road. A few minutes later, Allison returned to the parking lot *as a passenger* in a red car driven by defendant.

Allison sat in the front seat with defendant. The cocaine in Allison's left front pants pocket produced a bulge noticeable at some distance. When Allison exited and walked over to the informant's car, defendant did not enter the convenience store as the two males had done who had accompanied Allison earlier. Defendant remained seated in the car looking around the parking lot. A search following the arrests discovered two firearms in the trunk of the car driven by defendant. A white napkin removed from the informant's car held four clear plastic bags containing 111.73 grams of cocaine.

It is well established in North Carolina that possession of a controlled substance may be either actual or constructive. *State v. Harvey*, 281 N.C. 1, 187 S.E.2d 706 (1972). A person is said to have constructive possession when he, without actual physical possession of a controlled substance, has both the intent and the capability to maintain dominion and control over it. *State v. Williams*, 307 N.C. 452, 298 S.E.2d 372 (1983).

> As the terms "intent" and "capability" suggest, constructive possession depends on the totality of the circumstances in each case. *No single factor controls, but ordinarily the questions will be for the jury. . . .* The fact that a person is present in a [vehicle] where drugs are located, nothing else appearing, does not mean that person has constructive possession of the drugs. . . . [T]here must be evidence of other incriminating circumstances to support constructive possession. (Emphasis added.)

*State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986) (citations omitted). *See also State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976).

STATE v. JACKSON

[103 N.C. App. 239 (1991)]

In light of the incriminating circumstances surrounding Allison's mode of transportation during the negotiations and the actual drug transaction, it is reasonable for the jury to infer that the defendant was present merely to ensure the safety of the cocaine. This evidence, while circumstantial in nature, coupled with the fact that two firearms were found in the red car's trunk, allowed the state to withstand the defendant's motion to dismiss. "In 'borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury. . . . " *State v. Hamilton*, 77 N.C. App. 506, 512, 335 S.E.2d 506, 510 (1985), *cert. denied*, 315 N.C. 593, 341 S.E.2d 33 (1986) (citations omitted). The trial court did not err in denying defendant's motion to dismiss the two charges of trafficking in cocaine by possession and by transportation.

From this same evidence an agreement between defendant and Allison to commit the felony of trafficking in cocaine could be inferred. "A criminal conspiracy is an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way or by unlawful means." *State v. Lipford*, 81 N.C. App. 464, 465, 344 S.E.2d 307, 308 (1986). The trial court did not err in denying defendant's motion to dismiss the charge of conspiring to commit the felony of trafficking in cocaine. Therefore, in the trial below we find

No error.

Judge JOHNSON concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

In my opinion, the trial court erred in finding that the evidence in this case was sufficient to the extent that reasonable minds might infer guilt.

"Mere proximity to persons or locations with drugs about them is usually insufficient, in the absence of other incriminating circumstances, to convict for possession." *State v. Balsom*, 17 N.C. App. 655, 659, 195 S.E.2d 125 (1973). In *State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976), this court found that mere presence for a brief period was not enough.

Moreover, while one may be convicted of constructive or actual possession of a controlled substance, *State v. DiNunno*, 67 N.C. App. 316, 313 S.E.2d 3, *rev. denied*, 311 N.C. 307, 317 S.E.2d 683 (1984), the power and the intent to control the contraband are two essential elements in proving constructive possession. *State v. Davis*, 20 N.C. App. 191, 201 S.E.2d 61 (1973), *cert. denied*, 284 N.C. 618, 202 S.E.2d 274 (1974). Hence, the defendant's awareness of the contraband must be established. *State v. Weems*, 31 N.C. App. at 571, 230 S.E.2d at 194 (1976).

It is clear that no evidence was produced to directly link Jackson to the contraband. The contraband was concealed in the pocket of Allison and there was no evidence to show that Jackson was aware that Allison had cocaine on his person. At best, the evidence in this case established only that the defendant was present at the scene of a crime and in close proximity to the contraband. It was error to deny the defendant's motion to dismiss the trafficking in cocaine by possession charge.

Nor do I believe that the "incriminating circumstances surrounding Allison's mode of transportation during the negotiations and the actual drug transaction" presented sufficient evidence to permit the inference that the defendant was present merely to ensure the safety of the cocaine. Even viewing the evidence in a light most favorable to the state, the evidence merely establishes that Allison met with the undercover agent on two occasions without the defendant and on his third visit with the agent, the defendant gave Allison a ride in his car. And while the majority makes much of the presence of firearms, these firearms (one of which was unloaded) were locked in the trunk of defendant's car at the time of the transaction. This evidence was not sufficient to withstand defendant's motion to dismiss the charge of trafficking in cocaine by transportation.

Finally, regarding the conspiracy charge, in *State v. Lipford*, 81 N.C. App. 464, 344 S.E.2d 307 (1986), this court defined criminal conspiracy as that which exists when two or more persons agree to commit an unlawful act, or a lawful act in an unlawful manner.

In the case at hand, the state presented no evidence that there was such an agreement between Allison and Jackson to traffick in cocaine. In his conversations with the undercover agent, Allison made no mention of Jackson's name. Allison conducted the entire drug transaction without any evidence of assistance or agree-

ment on the part of the defendant. The trial court erred in denying defendant's motion to dismiss the conspiracy to traffick in cocaine charge.

In sum, the evidence showed only that Jackson was in bad company; it was not, in my opinion, sufficient to convict him of trafficking in cocaine by possession, trafficking in cocaine by transporting, or conspiracy to traffick in cocaine.

For the aforementioned reasons, I respectfully dissent.