INMAN, Judge.
Keeandus Rashad Barnes ("Defendant") appeals his conviction of possession of a mobile phone by a prison inmate in violation of N.C. Gen. Stat. § 14-258.1(g). Defendant argues that (1) the State failed to present sufficient evidence for the matter to be presented to the jury for deliberation; (2) he was denied effective assistance of counsel; and (3) the trial court erred and committed plain error in instructing the jury. After careful review of the record and applicable law, we hold that Defendant has failed to demonstrate error.
Factual and Procedural Background
The evidence at trial tended to show:
On 28 February 2015, at or around 9:30pm, Defendant was awakened from his sleep in his single-person cell-Cell 46-in the Bertie County Correctional Institution and taken by correctional officers to another location to be searched. Correctional Officer John Weisser ("Officer Weisser") and another officer searched Cell 46 outside of Defendant's presence. Officer Weisser removed the sheet covering Defendant's mattress and found an incision on the mattress top. Inside the mattress he discovered a mobile phone and a battery pack attached to a black wire. The phone was "really hot" and "when [Officer Weisser] flipped open the phone the screen would light up." The battery pack was homemade from AA batteries, rubber gloves, and other items.
Because Officer Weisser worked in a different unit, he was unfamiliar with "how they [had] their layout set up" in Defendant's cell unit. Inmates generally "come and go freely [from their cells] during the day." When prisoners do leave their cells, they must lock the doors to ensure that others do not enter. When the doors are locked, as required, prisoners must disclose their cell cards for the officers to open the locked cell doors for the prisoner. The cell cards let the officers know that the prisoner sleeps in that particular cell. But prisoners routinely close the cell doors without locking them, merely giving the impression that they are locked.
The prison requires prisoners to bring their own mattresses when they change cells within the same unit. Officer Weisser has "never seen" a prisoner change cells within the same unit without his mattress. Defendant testified that, two days before the search, he had moved from Cell 20 to Cell 46. Defendant requested the move because the door of Cell 20 was malfunctioning. Defendant testified that he "was not allowed" to bring his mattress from Cell 20 because Cell 46 already had a mattress.
Defendant also testified that, in the two days prior to the search, up to four other inmates gathered in his cell "cooking meals together"-against the Institution's policy-and that Defendant occasionally left other inmates unattended in his cell. Defendant denied having seen the cell phone or knowing that any contraband was located in the mattress.
Defendant moved to dismiss the charge for insufficiency of the evidence at the close of the State's evidence, which the court denied. Defendant failed to renew the motion at the close of all the evidence.
During the jury charge conference, Defendant's trial counsel voiced two objections to the following instruction:
And if you find beyond a reasonable doubt that an article was found in certain premises and the defendant exercised control over those premises this would be a circumstance from which you may infer the defendant was aware of the presence of the article and had the power and intent to control its disposition or use.
Defense counsel first argued that, because the mobile phone was discovered in close proximity to Defendant, the instruction was improper. Defense counsel also argued that the instruction was inconsistent with the immediately preceding instruction, which described possession through close physical proximity coupled with other circumstances. The trial court overruled the objections.
The jury found Defendant guilty and Defendant timely appealed.
Analysis
I. Standard of Review
We review appeals on grounds of ineffective assistance of counsel and improper jury instructions de novo . See State v. Graham , 200 N.C. App 204, 214, 683, S.E.2d 437, 444 (2009) (reviewing for ineffective assistance of counsel); State v. Pender , 218 N.C. App. 233, 243, 720 S.E.2d 836, 842 (2012) (reviewing an assignment of error regarding a jury instruction). When employing de novo review, the appellate court "freely substitutes its own judgment" for that of the lower court. State v. Williams , 362 N.C. 628, 632, 669 S.E.2d 290, 294 (2008). Unpreserved challenges to jury instructions are reviewed for plain error. State v. Lawrence , 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012) ; N.C. R. App. P. 10(a)(4) (2018).
II. Motion to Dismiss
North Carolina Rule of Appellate Procedure 10(a)(3) provides that, "[i]f a defendant makes such a motion after the State has presented all its evidence ... and the defendant then introduces evidence, defendant's motion for dismissal ... is waived." While Defendant moved to dismiss at the close of the State's evidence, he waived the issue by failing to renew the motion after he presented his own evidence.
Defendant requests that, if we determine that the appeal of this issue is barred by Rule 10(a)(3), we exercise our discretion under Rule 2 to hear the appeal, notwithstanding Defendant's waiver. Rule 2 provides:
To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly provided by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.
N.C. R. App. P. 2. The North Carolina Supreme Court has curtailed this discretion by recognizing that "this residual power to vary the default provisions of the appellate procedure rules should only be invoked rarely and in 'exceptional circumstances.' " State v. Gayton-Barbosa , 197 N.C. App. 129, 134, 676 S.E.2d 586, 589 (2009) (quoting State v. Hart , 361 N.C. 309, 316-17, 644 S.E.2d 201, 205-06 (2007) ). When reviewing matters concerning a conviction lacking evidentiary support, we have historically invoked Rule 2. See id. at 135, 676 S.E.2d at 590 (stating that it would be manifestly unjust to affirm conviction of a defendant that "lacked adequate evidentiary support"); State v. Batchelor , 190 N.C. App. 369, 378, 660 S.E.2d 158, 164 (2008) (stating that the defendant remaining imprisoned for a crime not proven beyond a reasonable doubt would be manifestly unjust). However, as explained below, the State did produce sufficient evidence. As such, we decline to invoke Rule 2 and will not review this issue.
III. Ineffective Assistance of Counsel
In the alternative to his appeal from the trial court's denial of his motion to dismiss, Defendant argues that he was denied effective assistance of counsel by his trial counsel's failure to renew the motion to dismiss at the close of all the evidence. We reject this argument because, presuming, without deciding, defense counsel performed deficiently, Defendant has failed to demonstrate that the result of his trial would have been different had defense counsel renewed its motion to dismiss.
A defendant has a Sixth Amendment right to effective assistance of counsel. Strickland v. Washington , 466 U.S. 668, 686, 80 L.Ed.2d 674, 692 (1984). To prevail on a claim for ineffective assistance of counsel, Defendant must satisfy a two-part test. First, Defendant must prove that defense counsel's performance was deficient. Deficient performance is defined as "errors so serious that counsel was functioning" below an objective standard of reasonableness "under prevailing professional norms." Id. at 687-88, 80 L.Ed.2d at 693.
Second, the deficient performance must prejudice Defendant. Prejudice is a " 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " State v. Allen , 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (quoting Strickland , 466 U.S. at 694, 80 L.Ed.2d at 698 ); see State v. Blackmon , 208 N.C. App. 397, 403, 702 S.E.2d 833, 836 (2010) (reviewing for effective assistance of counsel concerning a failed renewal of a motion to dismiss). If the "reviewing court can determine at the outset" that there was no prejudice, "the court need not determine whether counsel's performance was actually deficient." State v. Braswell , 312 N.C. 553, 563, 324 S.E.2d 241, 249 (1985).
When reviewing a trial court's denial of a motion to dismiss for sufficiency of the evidence, we must determine whether there is substantial evidence "(1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). Evidence raising only "suspicion or conjecture" is insufficient, allowing the motion to dismiss to be granted. State v. Cutler , 271 N.C. 379, 383, 156 S.E.2d 679, 682 (1967). Evidence is viewed in the light most favorable to the State, including every reasonable inference most favorable to the State that may arise from the evidence. State v. Curry , 203 N.C. App. 375, 391-92, 692 S.E.2d 129, 141 (2010). Any contradictions and discrepancies are for the jury to resolve and are irrelevant upon review. State v. Benson , 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). The test is the same whether the evidence is direct, circumstantial, or both. Fritsch , 351 N.C. at 379, 526 S.E.2d at 455. For circumstantial evidence, the reviewing court must consider "whether a reasonable inference of defendant's guilt may be drawn from the circumstances." State v. Thomas , 296 N.C. 236, 244, 250 S.E.2d 204, 209 (1978) (citation omitted). Further, evidence that "does not rule out every hypothesis of innocence" can still withstand a motion to dismiss and support a conviction. State v. Stone , 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988).
The jury found Defendant guilty of possession of a mobile phone by a prison inmate. To sustain such a charge, the State must prove beyond a reasonable doubt that Defendant was an "inmate in the custody of the Division of Adult Correction of the Department of Public Safety or an inmate of a local confinement facility who possesses a mobile telephone or other wireless communication device or a component of one of those devices." N.C. Gen. Stat. § 14-258.1(g) (2017).
Possession can either be actual or constructive. State v. Harvey , 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). Constructive possession is, absent actual physical possession, "both the intent and the capability to maintain dominion and control over it." State v. Jackson , 103 N.C. App. 239, 243, 405 S.E.2d 354, 357 (1991). Necessarily, the defendant "must be aware of the presence of [the contraband] if he is to be convicted." State v. Davis , 20 N.C. App. 191, 192, 201 S.E.2d 61, 62 (1973). When the contraband is "found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." Harvey , 281 N.C. at 12, 187 S.E.2d at 714.
A motion to dismiss may be overcome if the State presents "evidence which places the accused 'within such close juxtaposition to the [contraband] as to justify the jury in concluding that the same was in his possession.' " Id. at 12-13, 187 S.E.2d at 714 (quoting State v. Allen , 279 N.C. 406, 411-12, 183 S.E.2d 680, 684 (1971) ). Absent exclusive possession of the place where the contraband is found, the State must produce other incriminating circumstances before the jury may infer constructive possession. State v. Wiggins , 185 N.C. App. 376, 386-87, 648 S.E.2d 865, 874 (2007).
In this case, the State produced substantial evidence that Defendant possessed the mobile phone. The State showed that Defendant was the sole occupant of Cell 46. When prisoners leave their respective cells, they are required to lock the cell door so no one else can enter. The Institution requires prisoners transferring cells within the same unit to bring their mattresses with them. Officer Weisser further testified that he has "never seen" prisoners change cells without their mattresses. Immediately before the search, Defendant was sleeping on the very mattress that contained the mobile phone and the battery pack. Though Defendant proffered conflicting evidence, a reasonable juror could conclude that, consistent with the Institution's policy, he brought the mattress with him and had plenary access to the mattress to hide the contraband. It is the jury's duty to resolve any contradictions, and the "fact that some evidence in the record supports a contrary inference is not determinative on the motion to dismiss." Fritsch , 351 N.C. at 382, 526 S.E.2d at 457.
Because the motion to dismiss would not have been granted had defense counsel renewed it, Defendant cannot establish prejudice. Therefore, we reject Defendant's ineffective assistance of counsel claim.
IV. Improper Jury Instructions
Lastly, Defendant raises three arguments that the trial court erred in instructing the jury on the possession charge. Defendant's first argument was preserved, while the other two arguments are raised for the first time on appeal. We disagree with each argument.
A. Proximity
Defendant objected to the second paragraph of the following portion of the trial court's jury instruction:
If you find beyond a reasonable doubt that an article was found in close physical proximity to the defendant that would be a circumstance from which together with other circumstances you may infer that the defendant was aware of the presence of the article and had the power and intent to control its disposition or use. However the defendant's physical proximity if any to the article does not by itself permit an inference that the defendant was aware of its presence or had the power and intent to control its disposition or use. Such an inference may be drawn only from this and other circumstances which you find from the evidence beyond a reasonable doubt.
And if you find beyond a reasonable doubt that an article was found in certain premises and the defendant exercised control over those premises this would be a circumstance from which you may infer the defendant was aware of the presence of the article and had the power and intent to control its disposition or use.
"A trial court's jury instruction is for the guidance of the jury." State v. Smith , 360 N.C. 341, 346, 626 S.E.2d 258, 261 (2006) (citation omitted). It is the trial court's duty "to instruct the jury on the law arising from all the evidence presented" and "on every substantive feature of the case." Id. at 346-47, 626 S.E.2d at 261 (citation omitted). The court's instructions "assist the jury in understanding the case and in reaching a correct verdict." Id. at 346, 626 S.E.2d at 261 (citation omitted). For ambiguous instructions subject to "erroneous interpretation[s]," "we inquire [as to] 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that' " violates the Constitution. State v. Jennings , 333 N.C. 579, 621, 430 S.E.2d 188, 209 (1993) (quoting Boyde v. California , 494 U.S. 370, 380, 108 L.Ed.2d 316, 329 (1990) ). Defendant bears the burden to prove "more than a 'possibility' that the jury applied the instruction in an unconstitutional manner." Id. at 621, 430 S.E.2d at 209 (citing Boyde , 494 U.S. at 380, 108 L.Ed.2d at 329 ).
Defendant's trial counsel argued that the instruction regarding control of a premises was improper and confusing. The trial court explained its view that constructive possession could be inferred from close physical proximity, the exercise of control of the premises, or both proximity and control. The instruction gave the jury two avenues to convict-Defendant was in close physical proximity to the mobile phone, combined with other circumstances, and/or held control of the premises. The first part of the instruction made it clear that whether the mobile phone was found in close physical proximity to Defendant was a factual issue for the jury to decide. And, the trial court explained, if jurors could not find beyond a reasonable doubt that possession was proven by Defendant's proximity to the mobile phone and other factors, "the pattern tells them they can also consider that these are [Defendant's] premises."
We hold that the trial court used the correct pattern jury instruction. The instruction properly and clearly bifurcated the routes that the jury could take to convict Defendant, pursuant to the issues and evidence presented at trial. Defendant has failed to show more than a possibility that the jury misapplied the instruction.
B. Nonexclusive Possession of Premises
Defendant argues, for the first time on appeal, that the trial court committed plain error by omitting the following instruction: "[W]hen possession of the premises is nonexclusive, constructive possession of the contraband materials may not be inferred without other incriminating circumstances." To establish plain error, Defendant "must demonstrate that a fundamental error occurred" causing prejudice in that it "had a probable impact on the jury's finding that [he] was guilty." Lawrence , 365 N.C. at 518, 723 S.E.2d at 334 (citation omitted).
If the accused did not have exclusive possession of the premises, the State must show additional incriminating circumstances to infer constructive possession. State v. Matias , 354 N.C. 549, 552, 556 S.E.2d 269, 271 (2001). In this case, the jury instruction omitted this requirement. The trial court only instructed the jurors that they could infer constructive possession of the mobile phone and battery pack if Defendant "exercised control over" Cell 46 and the mattress in Cell 46.
Presuming, without deciding, the trial court's omission was error, however, we conclude that Defendant has failed to demonstrate plain error. Our Supreme Court has stated that the "plain error rule ... is always to be applied cautiously and only in [ ] exceptional cases" to reverse on the basis of unpreserved error. State v. Odom , 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted). Otherwise, frequent reversals of improper instructions would contradict Rule 10(a)(4)'s intent to encourage parties to inform the trial court of errors before the jury deliberates. Lawrence , 365 N.C. at 517, 723 S.E.2d at 333.
The trial court's instruction stated that, if Defendant had control over the premises, it "would be a circumstance from which you may infer" that Defendant had constructive possession of the cell phone and battery pack. It is uncontroverted that Defendant was the only inmate assigned to Cell 46. Additionally, evidence that the Institution's policies mandating that inmates lock their cells when absent and requiring them to bring their mattresses when moving into new cells supported the inference allowed by the instruction. Additionally, it is undisputed that Defendant was sleeping on the mattress immediately before it was searched, and when the mobile phone was found, the phone was already on and the battery pack was hot. Defendant has failed to demonstrate that the trial court's omission of the instruction undermined the fundamental fairness of the trial.
C. Actual and Constructive Possession
Finally, Defendant contends for the first time on appeal that, because there was no evidence that he actually possessed the phone, the trial court plainly erred in instructing the jury on both actual and constructive possession. Defendant objects to the following instruction: "A person possesses such items when a person is aware of its presence and has both the power and intent to control its disposition or use." Because there is no evidence that Defendant actually possessed the mobile phone, Defendant argues, the instruction was plain error.
Defendant is indeed correct that there is no evidence that could have supported a finding that the mobile phone was on his person when it was found. See State v. Reid , 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002) ("[A]ctual possession [exists] ... if it is on his person, he is aware of its presence, and ... has the power and intent to control its disposition or use."). The mobile phone and battery pack were found inside the mattress, rather than on Defendant's person. But, as we have explained, substantial evidence that Defendant constructively possessed the mobile phone supported the jury's guilty verdict.
Disjunctive jury instructions lacking sufficient evidence for one theory "cannot be discerned from the record upon which theory the jury relied." State v. Williams , 232 N.C. App. 152, 156, 754 S.E.2d 418, 422 (2014) (citation omitted). However, when we review disjunctive jury instructions for plain error, we do not "assume that the jury relied on the inappropriate theory." State v. Martinez , --- N.C. App. ----, ----, 801 S.E.2d 356, 361 (2017) ; see also State v. Boyd , 366 N.C. 548, 548, 742 S.E.2d 798, 799 (2013) (per curiam ) (changing the rule that previously held that a disjunctive instruction not supported by the evidence on both theories was per se plain error).
The primary issue at trial was not if Defendant had the contraband on his person, but whether Defendant exercised enough control of Cell 46 and the mattress to allow a reasonable juror to infer that he had knowledge of the mobile phone and intended to possess it. The fact that the jury instruction failed to expressly dichotomize the two types of possession does not matter. Much like the case in State v. Robinson , --- N.C. App. ----, ----, 805 S.E.2d 309, 319 (2017) -where we held that the distinction between the actual and constructive possession instruction was irrelevant-it was for the jury to decide whether to believe Defendant's or Officer Weisser's testimony. Defendant has failed to demonstrate that the challenged instruction probably impacted the jury's verdict.
NO ERROR.
Report per Rule 30(e).
Judges TYSON and BERGER concur.